HOPE SPOKE COMPANY *v.* MARYLAND CASUALTY COMPANY.

Opinion delivered January 8, 1912.

1. INSURANCE—CONSTRUCTION OF POLICY.—Under the maxim, *expressio unius est exclusio alterius*, the fact that a condition is expressed in one of the clauses of a policy of insurance excludes the idea that an unexpressed condition was intended to be declared in another clause. (Page 7.)

2. SAME—CONSTRUCTION OF POLICY.—Where the language of a policy of insurance is doubtful or ambiguous, it should be given the strongest interpretation against the insurer which it will reasonably bear. (Page 8.)

3. SAME—CONSTRUCTION OF POLICIES.—If policies of insurance contain inconsistent provisions, or are so framed as to be fairly open to construction, that view should be adopted, if possible, which will sustain rather than forfeit the contract. (Page 8.)

4. SAME—FAILURE TO GIVE NOTICE—FORFEITURE.—Failure to give notice within a certain time of liability under a policy of liability insurance does not operate as a forfeiture of the right to recover unless the policy in express terms or by necessary implication so provides. (Page 11.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; reversed.

*Thos. C. McRae, W. V. Tompkins* and *D. L. McRae,* for appellant.

The evidence that there was a custom or usage among insurance companies that where policies were obtained by brokers notices were sent to the broker was sufficient to go to the jury. Upon it the court would have been justified in instructing a verdict for the appellant. 3 Brewst. (Pa.) 452-456; 46 Ark. 210, 215; *Id.* 222, 226; 58 Ark. 565, 574; 85 Ark. 568.

Having without objection permitted notice to be given to Carnes & Son, appellee is now estopped to deny their authority to receive it. 85 Me. 429; 83 Me. 100; 51 N. H. 287; 16 Cyc. 791; 55 Ark. 347; 105 Mo. App. 384, 394; 79 S. W. 1013; 12 Wall. (U. S.) 681; 49 C. C. A. 555.

By its course of dealing appellee had constituted Carnes & Son its agents to receive notice and settle claims. Evidence of its course in permitting them to receive notice and to settle claims was admissible, and the court's directing a verdict for appellee was equivalent to excluding all such evidence. 3 Elliott on Ev. § § 1633-1635; 1 Wigmore, Ev. § 377. See also 52 Ark. 11, 21; 23 L. R. A. 181; 62 Ark. 562; 31 Cyc. 1219, and authorities collated; 96 Pac. 48; 17 L. R. A. (N. S.) 219, and note; 101 S. W. 130; 49 C. C. A. 555, 557; 80 U. S. 222; 36 C. C. A. 615.

Forfeitures are not favored in law, but on the contrary will be enforced only when the strict letter of the contract requires it, and particularly is this true of insurance policies. 53 Ark. 494, 499; 96 U. S. 577; 57 Neb. 622; 28 Neb. 846; 51 L. R. A. 698; 35 Col. 19; 183 U. S. 25-40; 95 U. S. 673; 151 U. S. 462; 55 L. R. A. 291; 15 Cyc. 1037.

The clause in the contract requiring immediate notice will not be literally construed. Such rule is not inflexible, but an honest effort made with due diligence to comply with it will be deemed sufficient, especially where the insurer's rights have not been prejudiced. 55 L. R. A. 290, 291, 292; 62 L. R. A. 485; 29 Pa. St. 198; 126 Pa. St. 870; 93 Am. St. Rep. 514, 518; Niblack, Accident Ins. § 415; 3 Neb. 391; 62 L. R. A. 485.

Where the policy does not provide that the failure to give notice shall cause a forfeiture, no forfeiture results. 35 Cal. 19; 9 Am. & Eng. Ann. Cases, 916; Niblack, Accident Ins. § 415; 26 L. R. A. (N. S.) 747, and note; 102 Pa. St. 281; 59 S. W. (Ky.) 863.

The question whether notice was given in a reasonable time was for the jury. 63 L. R. A. 425, 427; 1 L. R. A. (N. S.) 422; 55 L. R. A. 290; 1 Cyc. 301; 1 Am. & Eng. Enc. of L. 324; 3 May on Ins. 462.

*Henry M. Armistead* and *Ashley Cockrill*, for appellee.

1. The policy expressly requires immediate notice as a condition precedent to liability. The clause, "Immediate notice of any accident and of any suit resulting therefrom, with every summons or other process, must be forwarded to the home office," etc., is more clearly a condition precedent than the clause in the proof of loss provision in the standard

# ERRATUM

On page 313, ninth line from bottom of page, for "13" read 322.
On page 633, fourth line from top of page, for "his" read *the*.

fire insurance policy, which this court has frequently held to be a condition precedent. 72 Ark. 484, and subsequent decisions.

This provision is a condition precedent, even though not expressly made so, and though no forfeiture clause is found in the policy. 4 Cooley's Briefs on Law of Insurance, 3570; 118 N. Y. S. 865; 99 Pac. 537; 82 N. E. 745; 67 N. E. 882; 57 N. E. 458; 63 N. E. 54. Immediate notice being an essential of the contract and a condition precedent to recovery, the question whether appellee was prejudiced by the failure of appellant to give such notice is immaterial.

2. Where the facts are undisputed, the question whether notice was given immediately becomes one of law for the court. 3 May on Ins. § 462; 63 N. E. 54; 21 N. E. 898; 2 N. E. 1041; 57 N. E. 458; 66 N. E. 481. Without regard to whether the reasonableness of the time is a matter for the court or jury, the courts have held "unexcused delays of varying length unreasonable *per se.*" 4 Cooley's Briefs, 3573; 171 Mass. 357; 67 N E. 882; 40 L R. A. 833; 44 Md. 460; 12 Wend. (N. Y.) 452; 7 Jones (N. C.) 435; 29 Pa. St. 198; Cyc. Annotations, 1910, "Liability Insurance," p. 2431; 50 N. E. 516; 36 Wash. 46; 86 Minn. 464.

Notice to Carnes & Son, general agents of the Standard Life & Accident Company, was not notice to appellee. No issue that they were agents for appellee was tendered in the complaint, and appellee objected to the introduction of testimony to show proof of notice sent to Carnes & Son as being notice to appellee.

In any event notice to Carnes, a broker, was not sufficient as notice to appellee. Ostrander on Ins., § 45; 3 Cooley on Ins., 2490; 2 Clement on Ins., 474, 475; May on Ins., § § 122, 123; Mechem on Agency, § 931; 128 N. Y. S. 805; 84 *Id.* 375; 79 Ill. 404; 83 Md. 22; 129 Ill. 599; 611; 64 N. Y. 85; 83 N. Y. 168; 36 Mich. 502; 123 Ind. 177; 36 Fed. 118; 185 S. W. 713; 66 N. Y. 464; 123 N. Y. 6; 74 Mo. 41; 53 Minn. 220; 80 N. Y. 32. Local fire insurance agents and soliciting agents of insurance companies can not waive provisions of policies relating to notice and proof of loss. 60 Ark. 532; 85 Ark. 337, 345; 75 Ark. 25. Carnes & Son, being mere brokers, did not represent appellee for any purpose, and can not be held

to have had as much power to receive notice of the accident as a soliciting agent would have had.

Parol evidence of usage or custom among insurance men for brokers to receive notices of injury is inadmissible to vary the terms of the policy.   109 U. S. 278;  196 U. S. 157.   Usage is only resorted to for the purpose of ascertaining with greater certainty the intent of the parties, not to contravene their express stipulations.   44 N. Y. 495;  55 N. Y. 209;  67 Me. 83; 34 N. Y. 417;  20 Wall. 488;  62 Tex. 461;  49 Kan.178;   Ostrander on Ins. p. 15;  *Id.* § 27;  68 Ark. 259;  54 Ark. 423;  91 Ark. 600.

The testimony offered to establish a usage or custom was insufficient to go to the jury.   To be admissible, such proof must be of a general custom, and one in existence a sufficient length of time to become generally known.   91 Ark. 600;  90 Ark. 71, 73;  58 Ark. 125;  17 Ark. 428;  20 Ark. 251;  89 Ark. 591;  81 Ark. 549;  54 Fed. 839.   A usage must be uniform and notorious to be binding.   Ostrander on Ins. § 27;  65 Fed. 729; 75 N. Y. 65, 77.

3.   Appellee did not waive its defense of failure to give notice by investigating the accident.   The investigation was made after first obtaining an agreement with appellant that it would be made under reservation of liability.   67 N. E. 882.

McCULLOCH, C. J.   This is an action instituted by appellant, Hope Spoke Company, a concern engaged in operating a manufacturing plant at Hope, Arkansas, against the Maryland Casualty Company, to recover on a policy of employers' liability insurance the amount of a loss sustained by reason of appellant's liability for an injury to Homer E. Presley, one of its employees.   Presley sued appellant, and recovered judgment for damages, and on appellee's refusal to pay the judgment appellant paid it and instituted this action.   The parties entered into a stipulation in the lower court to the effect that, in the event appellant should be entitled to recover at all, the amount of such recovery should be the sum of $3,812.03, with interest from September 6, 1910, the date of the judgment of the circuit court in Presley's action against appellant.   Appellee defended solely on the ground that "immediate notice" of the accident was not given, as provided for in the policy, and

on that ground that the trial court directed the jury to return a verdict in appellee's favor.

So much of the policy as is material to the question now presented reads as follows:

"In consideration of forty-nine and 50-100 dollars ($49.50) initial premium, which is based on the estimated compensation set forth in the schedule below, * * * the Maryland Casualty Company, of Baltimore, herein called the company, hereby agrees to indemnify Hope Spoke Company, of Hope, * * * against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom accidentally suffered by any employee of the assured while upon the premises * * * occupied by the assured in the conduct of the business and at the places mentioned in the schedule below; provided such bodily injuries or death are suffered as a result of accidents occurring within the period of twelve months, beginning on the 1st day of April, 1909, at noon, and ending on the 1st day of April, 1910, at noon. * * * The company's liability for loss from an accident resulting in bodily injuries, including death resulting therefrom, to one person is limited to five thousand and 00-100 dollars ($5,000), and subject to the same limit for each person, the company's total liability for loss from an accident resulting in bodily injuries, including death therefrom, to more than one person is limited to ten thousand and 00-100 dollars ($10,000). In addition to these limits, however, the company will, at its own cost (court costs being considered part thereof), investigate all accidents and defend all suits, even if groundless, of which notices are given to it as hereinafter required, unless the company shall elect to settle the same. * * * Immediate notice of any accident and of any suit resulting therefrom with every summons or other process must be forwarded to the home office of the company, or to its authorized representative."

It appears from the evidence adduced at the trial that appellant had for some years carried this kind of insurance in another company, the Standard Life & Accident Insurance Company, of which W. W. Carnes & Son, of Memphis, Tennessee, were the general agents—the policy being procured by appellant from those agents through the local agent at Hope,

Arkansas. Subsequently the Standard Company decided not to carry the insurance any longer, and Carnes & Son procured a policy for appellant from appellee company through its agent, D. A. Fisher, of Memphis. This was in April, 1908, and the policy was renewed by issuance of the present policy dated April 1, 1909, both of which policies were delivered to Carnes & Son, who forwarded the same to the local agent at Hope for delivery to appellant, the last policy being accompanied by their letter reading as follows:

"We now inclose you herewith the above liability policy renewing last year's contract. We have rewritten this policy on the same basis as last year, and trust that you will find the same in order and be able to deliver. We also inclose you herewith payroll statement which we would thank you to have completed by the spoke company, showing the amount of wages actually expended by them during the last policy year. Your attention to this matter will be appreciated by

"Yours very truly,
"W. W. Carnes & Son."

In procuring the insurance from the Fisher agency, Carnes & Son were acting as brokers. The evidence shows that there is a custom or usage of business in insurance circles that "if, for any reason, an agent is not in a position to take care of a certain policy or class of insurance in the company that he represents, it is customary for him to place that in another company through their agent," and that after a policy has been issued and delivered, "in order to show a proper courtesy to the broker, all transactions of any nature, either claims, or substitutions of policies, or indorsements, should be handled through the broker, and not direct with the assured."

Presley was injured on December 22, 1909, and on the same day the local agent at Hope, upon appellant's request, forwarded notice thereof by mail to Carnes & Son, using for that purpose blanks furnished by appellee. The evidence tends to show that appellant's manager was for some reason laboring under the mistake that the liability insurance was still carried under a policy of the Standard Company. Carnes & Son overlooked the fact that the risk had been changed from the Standard to the appellee company and delivered the notice to the claim agent of the Standard Company for investigation.

The first notice mailed to Carnes & Son was lost in the mail, and appellant, on learning of that fact from subsequent correspondence with Carnes & Son, mailed them another notice on January 3, 1910. The claim agent of the Standard Company was sick when the notice was delivered at his office, and on January 17, 1910, when he returned to work, he proceeded to investigate the circumstances of the injury to Presley under the belief that the risk was carried by his company. He ascertained on January 24, 1910, that his company did not carry the policy, and he called the attention of Carnes & Son to that fact, who realized the mistake they had made, and called up the Fisher agency by telephone and gave verbal notice of Presley's injury. This notice was referred to appellee's claim agent, who went to Hope and made a complete investigation of the circumstances of the accident, but did so under an express agreement that the investigation would not operate as waiver of any of the requirements of the policy. Appellee subsequently denied liability on account of the alleged failure to give immediate notice, and thereafter Presley's action against appellant was instituted, of which appellee was duly notified. There is also testimony to the effect that, a few months prior to Presley's injury, the injury of another employee was reported to Carnes & Son in the same manner that this notice was given, that Carnes & Son gave notice to appellee, and that the claim was investigated by appellee and a check in payment of the claim duly forwarded, all of the correspondence being conducted through Carnes & Son.

It will be seen from the foregoing statement that appellee's agent, D. A. Fisher, who issued the policy, received actual notice of Presley's injury 32 days after it occurred, and that appellant, in giving the notice to Carnes & Son, did so under the honest belief that the latter was agent of appellee with authority to receive notice. It is also apparent from the testimony that appellee sustained no injury by reason of notice not having been given earlier, for it made a full investigation in due time, and it is not claimed that it suffered by the loss of evidence or otherwise on account of the omission to give the notice. The contract of insurance does not in express terms make the provision with reference to giving notice of an accident a condition upon which liability of the insurer depended. The absence of

language indicating an intention to make compliance with that provision a condition of recovery is noticeable. It does not in express terms declare a forfeiture of the insured's right to recover upon failure to give notice; nor can it be fairly implied from the language of the contract that the provision was intended as a condition precedent to the right to recover. On the contrary, the form of the policy and the language employed in it indicate a contrary intention. The first paragraph declares an absolute and unqualified undertaking on the part of the insurer to indemnify the insured against loss from liability for accidental injuries to employees. The next paragraph specifies that the liability shall be limited to the sum of five thousand dollars for injury to one person and ten thousand dollars for all injuries, and then provides that, in addition thereto, the company will, at its own expense, investigate all accidents and defend all suits, even if groundless, "of which notice is given as hereinafter required." This undoubtedly makes the right to recover expense of investigating accidents and the cost of suit depend, as a condition precedent, on a timely giving of notice in accordance with the requirement of the policy. But it is significant that the preceding paragraph, declaring the liability of the insurer for loss from the accident itself, does not refer to a notice, nor use any language indicating that such liability depends on the giving of notice; nor is the paragraph providing for the notice couched in language from which an intention to make it a condition of recovery can be implied. Under the maxim, *"expressio unius est exclusio alterius,"* the fact that a condition is expressed in one of the clauses of a contract excludes the idea that an unexpressed condition was intended to be declared in another clause.

The language of the policy is that of the insurer and, when it is doubtful or ambiguous, must be given the strongest interpretation against the insurer which it will reasonably bear. *American Bonding Co.* v. *Morrow,* 80 Ark. 49, and cases there cited.

Chief Justice Fuller, speaking for the Supreme Court of the United States in *McMaster* v. *New York Life Ins. Co.,* 183 U. S. 25, said that "the rule is that if policies of insurance contain inconsistent provisions or are so framed as to be fairly

open to construction, that view should be adopted, if possible, which will sustain rather than forfeit the contract."

The following authorities fully sustain the view that failure to give notice within a specified time in accordance with the terms of the policy does not operate as a forfeiture of the right to recover, unless the policy in express terms or by necessary implication makes the giving of notice within a time specified a condition precedent to recovery. *Accident Ins. Co.* v. *Fielding,* 35 Col. 19, 9 Am. & Eng. Ann. Cases, 916; *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622; *Kenton Ins. Co.* v. *Downs,* 90 Ky. 236; *Tubbs* v. *Dwelling House Ins. Co.,* 84 Mich. 646; *Steele* v. *German Ins. Co.,* 93 Mich. 81; *Mason* v. *St. Paul F. & M. Ins. Co.,* 82 Minn. 336; *Taber* v. *Royal Ins. Co.,* 124 Ala. 681; *Vangindertaelen* v. *Phoenix Ins. Co.,* 82 Wis. 112.

Nothing in the opinion of this court in *Teutonia Ins. Co.* v. *Johnson,* 72 Ark. 484, conflicts with the views we now express, for that decision was based upon the fact that under the terms of the policy the requirement for notice was made a condition precedent to recovery.

It is urged that, in construing a stipulation of that kind in a policy, a distinction should be made between employer's liability insurance and other kinds of insurance. We perceive no reason for such distinction. The purpose of requiring notice is to give the insurer an opportunity to investigate the facts and circumstances affecting the question of its liability and the extent thereof. The reasons for enforcing the requirement, therefore, apply to one class of insurance as well as another. Learned counsel for appellee bring to our attention the following cases as sustaining their contention that such distinction should be made: *Rooney* v. *Maryland Casualty Co.,* 184 Mass. 26; *Deer Trail Consolidated Mining Co.* v. *Maryland Casualty Co.,* 36 Wash. 46; *N. W. Tel. Exchange Co.* v. *Maryland Casualty Co.,* 86 Minn. 467; *Underwood Veneer Co.* v. *London Guarantee & Accident Co.,* 100 Wis. 378; *Columbia Paper Stock Co.* v. *Fidelity & Casualty Co.,* 104 Mo. App. 157; *Travelers' Ins. Co.* v. *Meyers,* 62 Oh. St. 529. Most of those cases deal with a provision similar to the one in the case now before us, and treat it as a condition precedent to a recovery, but they fail to give any reason for the distinction. In most of those cases it appears that there were other clauses

in the contract providing that the stipulation for giving notice should be deemed a condition precedent. For instance, in the case of *Deer Trail Consolidated Mining Co.* v. *Maryland Casualty Co., supra,* which was against the same defendant as in the case now before us, the provisions of the policy were different from the policy in this case. There the stipulation was as follows: "This insurance is subject to the following conditions, which are to be construed as conditions precedent of this contract: 1. The assured, upon the occurrence of an accident, shall give immediate notice thereof in writing with the full particulars to the home office of the company at Baltimore, Md., or to its duly authorized agent." That stipulation, of course, distinguishes the case from the present case.

In *Rooney* v. *Maryland Casualty Co., supra,* and *N. W. Tel. Exchange Co.* v. *Maryland Casualty Co., supra,* the stipulation was as follows: "The assured, upon the occurrence of an accident, shall give immediate notice thereof in writing, with all particulars, to the home office of the company in Baltimore, Md., or to its duly authorized agent. He shall give like notice, with full particulars, of any claim which may be made upon account of such accident."

Without stating whether the contract expressly provides, as in that mentioned in the Washington case, that "this insurance is subject to the following conditions, which are to be construed as conditions precedent of this contract," the court in both those cases held that the stipulation constituted a condition precedent. The Minnesota court seems to lay stress upon the fact that the contract made a distinction between notice of the occurrence of an accident and notice of claim for damages, and this may have had some weight with the court in determining whether the stipulation was intended as a condition precedent. It is certain, however, that, though the cases were against the same defendant as in this case, the language of the policies was somewhat different.

In *Underwood Veneer Co.* v. *London Guaranty & Accident Co., supra,* the policy by its express terms provided that it was issued and accepted "subject to the agreements and conditions indorsed thereon," among which was a stipulation for immediate notice of an accident.

In *Columbia Paper Stock Co.* v. *Fidelity & Casualty Co.,*

*supra,* the court merely stated the stipulation as to giving notice was a condition, without giving the language of the policy declaring it to be a condition.

The Ohio case cited above is the only one which really sustains appellee's contention, and in that case the court said that "it is obvious that this stipulation is of the essence of the contract in insurance of this kind. It is not merely a stipulation as to the form of bringing to the notice of the insurer the fact of a loss, as in policies of insurance."

Cooley, in his briefs on the law of insurance (vol. 4, p. 570), states the rule to be, citing the above cases relied on by learned counsel for appellee, that the stipulation for notice is of the essence of the contract, being designed, as he says, "to enable the insurer to investigate the circumstances of the accident while the matter is yet fresh in the minds of all, and to make timely defense against any claim filed."

In the absence of an express stipulation declaring this requirement to be of the essence of the contract, and therefore a condition precedent to the right of recovery, we do not think that it is correct to say that such a requirement is of the essence of the contract unless it is shown to materially affect the rights of the parties in the given case. We fail to see why it should be so in an insurance policy, any more than in any other kind of a contract where strict compliance with every specification of the contract is generally held not to be of the essence of the contract unless made so by the terms of the contract or by necessary implication. *Lenon* v. *Mutual Life Ins. Co.,* 80 Ark. 563. The facts of this case illustrate the justness of the conclusion we reach on the question. Appellee received notice of the accident in time to make a full investigation and to investigate to its satisfaction. It is not claimed that it suffered any loss or injury by reason of not having received the notice earlier. The defense is purely technical and without any substantial merit. To hold that the appellee should escape liability on account of the failure to receive notice strictly in accordance with the terms of the contract would be to absolve it from 'its just obligation on a point which was not in the slightest degree material to its rights. We are, therefore, of the opinion that the trial court erred in giving a peremptory instruction in favor of

appellee.  Judgment under the undisputed facts should have been in favor of the appellant.  The cause will be remanded, to the circuit court with directions to enter judgment in appellant's favor for the amount of liability mentioned in the stipulation.  It is so ordered.

WOOD and HART, JJ., dissent.

### ON REHEARING.

#### Opinion delivered February 12, 1912.

McCULLOCH, C. J.  The provision for notice refers to two subjects, notice of the accident and notice of suit.  The contract makes the right to recover costs and expenses of defending a suit depend as a condition precedent, on the giving of notice of suit.  It is undisputed in this case that notice of suit was promptly given, therefore the right to recover costs and expenses of suit is established.  The stipulation of counsel as to the amount which appellant may recover, if entitled to recover at all, precludes all inquiry now as to the amount of the judgment.  The case was fully developed in the trial below and a different or additional state of facts could not be established.  No useful purpose would be served in ordering a new trial.

Rehearing denied.