BERNARD BIEDERMAN ET AL. v. COMMERCIAL CASUALTY INSURANCE COMPANY.

Argued January term, 1926—Decided June 23, 1926.

**Insurance—Robbery—Insurer Disputed Claim on Account of Lack of Due Notice by Telegraph—Notice was by Telephone and as Prompt as Circumstances Permitted—Judgment for Plaintiff Affirmed.**

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *Fleming & Handford.*

For the defendant-appellant, *Raymond E. Taylor* and *William E. Holmwood.*

PER CURIAM.

The action was tried in the Second District Court of Newark without a jury, and judgment went for the plaintiff for $500.

The suit was instituted by plaintiff under defendant company's policy of insurance against loss by robbery. Plaintiff reached his home in Passaic at ten-thirty Saturday night, and immediately retired. At eleven-thirty he was awakened from his sleep and found a man in his room, who advised the plaintiff to "shut up," and who thereupon backed out of the room with the plaintiff's trousers, in the pockets of which were $532 in cash and some checks, representing the plaintiff's business receipts for the day, together with some rent collections.

The plaintiff's wife would not permit him to leave the house that night. The next morning (Sunday), at five o'clock, he notified the police department over a neighbor's 'phone of the theft, and at nine o'clock he personally notified police headquarters. He also attempted, without success, to telephone notice of the theft to his insurance broker, and to the defendant company. On Monday morning, at eight o'clock, the plaintiff attempted to notify his broker of the theft, and, after several efforts, succeeded in doing so at eight forty-five o'clock. The broker immediately notified the agent "who wrote the policy for him," and the latter, in turn, telephoned notice to defendant company. The defendant admits receiving notice at four-thirty P. M. on Monday.

The defendant's manager testified that the reason the loss was not paid was because it was considered a loss by burglary and not a loss by robbery. The defendant contends there was error in the refusal of the court to grant motions of nonsuit, and a direction on the following grounds:

*First.* That plaintiff failed to notify defendant of loss by "telegram." We consider that the notice by telephone was a substantial compliance with that requirement of the policy. *Miller* v. *New Amsterdam Casualty Co.*, 94 *N. J. L.* 508.

*Second.* That notice given was not "immediate notice." It was reasonable notice, and as "immediate" apparently as

the circumstances permitted. The law does not require impossibilities where the intent and effort of the party concerned have been exerted in a *bona fide* endeavor to comply with the terms of the contract, and it is not apparent that the defendant suffered loss thereby. *Lex non cogit ad impossibilia.* *Hope Spoke Co.* v. *Maryland Casualty Co.,* 102 *Ark.* 1; *Ann. Cas.* 1914a, 268; 14 *R. C. L.* 1328.

We think the case presented a question of fact, and that the judgment should be affirmed.