WADDINGTON *v.* MARSHALL.

4-2829

Opinion delivered January 23, 1933.

*S. Hubert Mayes,* for appellant.

*Brickhouse & Brickhouse,* for appellee.

BUTLER, J. This is an appeal from judgments in favor of the appellees in suits for personal injuries and property damage alleged to have been sustained by them. The occurrence which gave rise to the litigation happened on December 12, 1931, when a truck owned by the appellant and driven by his son, J. B. Waddington, collided with an automobile belonging to the appellee, Dr. L. L. Marshall, in which the other appellees were riding.

It is admitted that the evidence is sufficient to sustain the finding that J. B. Waddington was negligent in the operation of the truck driven by him, and the only point urged here is that there was an absence of proof showing that J. B. Waddington was the servant, agent, or employee of the appellant at the time of the accident. Both the appellant and his son, J. B. Waddington, testified in round terms that there was no connection between them in a business way; that each was engaged in a business, which, though similar in nature, was wholly independent. They were engaged in selling and delivering oatmeal cookies manufactured by Mrs. Mamie Ashton. They testified that each had a separate territory; that the appellant used a Chevrolet sedan and J. B. Waddington used a truck in working their respective territories; that they were not partners or connected in any way in business, and, while the truck was the property of appellant, J. B. Waddington, his son, rented it from appellant and paid for its use at the rate of ten cents for each package of cookies he distributed amounting to about $3 per day.

Mrs. Ashton testified that she had a contract with the appellant and J. B. Waddington by which they worked on a commission basis independent of her; that they would take the goods out, sell them, pay the witness the wholesale price and retain the profit; that the Waddingtons divided the routes between themselves and she kept separate accounts with them; that when J. B. Wad-

dington bought cookies the charge was entered on his account and he settled with the witness. At one point in her testimony witness stated that J. B. Waddington always drove the truck and appellant drove the car.

It is insisted that this is all the testimony relative to the relationship between the appellant and J. B. Waddington, father and son, and that this fails to show any business connection between the two, either as partners or as employer and employee, and that the court should have directed a verdict for the appellant. We do not accept this contention. It is true that the Waddingtons testified emphatically that there was no business connection between them, but the jury was the sole judge of their credibility, and it did not believe what they said. Waddington, Jr., had also testified as emphatically regarding the collision as he did regarding the business relation with his father and his testimony was in direct conflict with that of disinterested bystanders who witnessed the accident. J. B. Waddington had no separate contract with Mrs. Ashton. The contract was between her as party of the first part and E. G. Waddington and J. B. Waddington as parties of the second part, and it, of itself, indicated that they were jointly engaged in the enterprise.

The undisputed facts are that the appellant had been in the business for four years before his son became interested; that this son was a high school boy in May, 1930, having graduated about that time. The record does not show whether he was a minor or not on the 12th day of December, 1931, or upon the date the contract was entered into, October 22, 1931. About the latter date however the appellant asked Mrs. Ashton if it would be all right for Jimmie (J. B. Waddington) to help him in the business and upon her agreeing to this a joint contract was entered into. The Waddingtons made their own arrangements for separate routes. The truck which J. B. Waddington drove belonged to the appellant, and he kept it in repair, and, while Mrs. Ashton at one time stated that J. B. Waddington always

drove the truck, in answer to a question by a juror she replied that both drove it from time to time. At the time of the accident the appellant was out of the State visiting in Illinois. Just how long he had been away and the date of his return was not shown, but during his absence J. B. Waddington was running the entire business. Mrs. Ashton testified that during the absence of the appellant, his son, J. B. Waddington, bought all the cookies which were handled under the contract in question.

J. B. Waddington, while testifying, was asked "When he (appellant) was out of the city, you had the whole territory?" He answered, "I had serviced his territory for him." He was further asked, "You didn't buy separately when he was out of town and you were running his route for him?" He answered, "I bought cookies for his territory under his account." We think this testimony of J. B. Waddington and the circumstances connected with the operation of the business was substantial evidence to warrant the jury in the conclusion it reached, and the judgment is affirmed.