METROPOLITAN LIFE INSURANCE COMPANY *v.* JONES.

4-4323

Opinion delivered on rehearing October 5, 1936.

*Harry Cole Bates, Moore, Gray, Burrow & Chowning, Gaughan, Sifford, Godwin & Gaughan* and *Streett & Streett,* for appellant.

*Lawrence E. Wilson,* for appellee.

BUTLER, J. The appellee, Jewell Jones, was insured with the appellant, Metropolitan Life Insurance Company, as an employee of the George & Sherrard Paper Company of Camden, Arkansas, a subsidiary of the International Paper Company, under two certain group policies. One, No. 1864G, was for life insurance and for monthly indemnities in the event of total and permanent disability. The other insurance was under a certificate numbered 187GH providing for weekly indemnity for total temporary disability. Both of these policies were in force in November, 1932, at which time appellee became totally disabled by reason of "skin eruption from cement irritation." The insurance company settled with the insured for this claim. About September 28, 1934, the insured made claim for total and permanent disability benefits under his certificate No. 1864G and for the same disability for which he had received compensation under the claim that it was temporary.

On November 1, 1934, appellee filed suit to recover for his total and permanent disability. The appellant filed a motion to require appellee to allege the date and

character of proof, if any, furnished, and also a motion to abate and dismiss because no such proof had been furnished. These motions were overruled, whereupon an answer was filed denying the total and permanent disability of appellee and further denying that any notice or proof had been furnished on the issue relating to total and permanent disability. The case was submitted to the jury on these issues and a verdict was returned in favor of the appellee in the sum of $1,366.44. The court thereupon assessed a penalty of 12 per cent. on the amount and an attorney's fee in the sum of $250.

It is insisted by appellant for reversal and dismissal of the case that the verdict of the jury finding the appellee totally and permanently disabled was without substantial evidence to support it. It is true the proofs made in 1932 claimed that the disability was temporary, and there is evidence to the effect that since the payment by the insurer of the claim for total temporary disability appellee has continued to work at manual labor in his usual and customary manner with no signs of being incapacitated to perform that kind of work. On the other hand, there is substantial testimony to the effect that whatever work he has performed since November, 1932, has been with extreme discomfort. The evidence justifies the inference that appellee and his physicians were mistaken in November, 1932, when the disability was thought to be only temporary, and that instead it has continued and appellee is now, and has been, in such physical condition as to render it dangerous for him to engage in heavy manual labor. Appellee is a common laborer, not fitted to make a living in any other way. The evidence was therefore sufficient to support the verdict of the jury on the question of total and permanent disability.

The fair intention of the parties when entering into contracts like the one under consideration is that the insured shall receive indemnity when he is so disabled as to prevent him from engaging in the work for which he is fitted without injury to himself, and, if by reason of his disability he is unable to perform all of the substantial and material acts of the work or business in

which he is engaged in the usual and customary way, he is totally disabled. *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310; *Mutual Life Ins. Co.* v. *Marsh,* 186 Ark. 861, 56 S. W. (2d) 433.

It is next contended that the action is premature and the verdict of the jury excessive. These contentions are based on the contract of insurance which provides: ''Upon receipt at the home office in the city of New York of due proof that any employee * * * has become totally and permanently disabled * * * the company will pay equal monthly installments * * *. The first monthly installment payment will be paid upon receipt of the proof of total and permanent disability * * *.''

In answer to this contention the appellee urges that as early as November, 1932, the appellant had knowledge of his disability and ample opportunity to investigate this claim before suit was brought. He cites, and relies upon, the cases of *Hope Spoke Company* v. *Maryland Casualty Company,* 102 Ark. 1, 143 S. W. 85; 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A 268; *Mutual Life Ins. Co.* v. *Marsh,* 186 Ark. 861, 56 S. W. (2d) 416, and the recent case of *Mutual Life Ins. Co.* v. *Morris,* 191 Ark. 88, 83 S. W. (2d) 842, announcing the doctrine that except in cases where the proof of liability is made a condition precedent, it is the existence of disability that fixes liability and not proof thereof. These cases have no application to the questions involved in the case at bar for the reason that there is no contention that the proof of disability is a condition precedent to the fixing of liability, but only that it is a prerequisite to the institution of an action to recover for the liability.

It is a fact that appellant had notice in November, 1932, that the appellee was disabled, but there was no notice that his disability was permanent. Appellee calls attention to the claim signed by him on November 25, 1932, to which is appended the statement by Dr. Robins, and in which claim reference is made to the policy insuring against total and permanent disability. No significance can be attached to the reference made to the policy

under which the appellee would be entitled, if totally and permanently disabled, to monthly benefits because no claim was made to the effect that the insured was totally and permanently disabled. The claim was treated by both the insured and insurer as one for total disability temporary in its nature and settlement was made on that basis. The proof is clear that the first time the insurer was notified of any claim for permanent disability was by letter of appellee's attorney dated September 28, 1934. After some correspondence the insurer advised the attorney on October 30, 1934, that appellee's insurance had expired, and, without waiving any rights it might have, enclosed blanks for making proof of disability claims. There is no contention made, either in proof or in argument, that said blanks were not received, but, instead of forwarding proof of disability as required under the terms of the policy, appellee filed this suit.

Under the language of the policy the appellant restricted the time in which payments should begin to be made until the receipt of proof of permanent disability. This is similar to the contract involved in *Atlas Life Ins. Co.* v. *Wells,* 187 Ark. 979, 63 S. W. (2d) 533. In that case we quoted with approval the rule announced in 1 C. J., 107, 108, as follows: ''By the weight of authority, it is ground for abatement that the action was prematurely brought, even though the right of action has matured before trial as, in most jurisdictions, where an action is brought before maturity on a note or other debt; where the time for payment of a note or other debt has been extended by agreement, and an action is brought before expiration of the period of the extension; where an action is brought before the happening of an event upon the happening of which the right to commence the action is to accrue; and in many other like cases.'' In that case we held, following the authority cited, that a suit was premature where the policy provided for payments to begin at a certain time after receipt of proof of disability and suit was filed before that time elapsed, even though the right of action might have matured before the trial.

The evidence touching the disability of the appellee appears to have been fully developed and it might appear that no useful purpose could be served by reversal of the judgment, but, under the authority of *Atlas Life Ins. Co.* v. *Wells, supra,* which is supported by the weight of authority, a dismissal of the case becomes necessary. This action, however, does not prejudice the right of the appellee to bring another suit without making further proof of disability since the appellant is now fully apprised of what the proof would show. In view of the possibility of another trial, we deem it appropriate to state that the contention of appellant that disability payments are to be computed from the time of receipt of proof rather than from the happening of the disability is erroneous and is not supported by the case of *Mutual Life Ins. Co.* v. *Marsh, supra.* Under the terms of the contract of insurance the appellee, if totally and permanently disabled, would be due the stipulated monthly benefits from the happening of the disability and not from the date of receipt of proof as contended by appellant.

It follows that the petition for rehearing should be granted. The opinion delivered June 8, 1936, is therefore withdrawn, the above and foregoing is substituted therefor, and the judgment is reversed, and the case dismissed without prejudice.