AMERICAN CENTRAL LIFE INSURANCE COMPANY v. PALMER.

4-4598

Opinion delivered April 12, 1937.

*Daggett & Daggett,* for appellant.

*Jo M. Walker,* for appellee.

SMITH, J. This is a suit on an insurance policy, which contains provisions for the payment of benefits in case of total disability of the insured. The portions thereof relevant to the question here presented read as follows:

"If, while no premium is in default * * *, the company shall receive due proofs of the disability of insured as hereinafter defined, the company * * * will pay to the insured * * * a monthly income of one per centum of the amount of insurance shown on the first page hereof, the first payment to be made upon approval of proof of disability and subsequent payments on the 10th day of each succeeding month during the continuance of such disability or until the maturity of the policy. * * *

"Total and permanent disability of the insured within the meaning of this policy is defined as either:

"(1) Disability caused by bodily injury or disease which totally and continuously prevents the insured and presumably will permanently prevent him from performing any work for compensation or profit or from following any gainful occupation, provided such disability has at the time of receipt of proof thereof, existed for not less than sixty days; or,

"(2) Disability caused by bodily injury or disease which shall totally and continuously prevent the insured from performing any work for compensation or profit or from following any gainful occupation and has continuously so prevented him for a period of not less than six months immediately preceding the date of receipt of proof thereof."

It thus appears that the contract covered two distinct classes of disability, first, a total and permanent disability preventing pursuit of a gainful occupation which had existed for a period of not less than sixty days immediately prior to receipt of proof, coupled with proof that such disability was presumably of a permanent nature; or, second, that a total disability had existed for a period of six months next preceding the date of receipt of proof.

We have recently had a number of cases dealing with the requirement as to the notice and proof of disability, a very late case being that of *Metropolitan Life Ins. Co.* v. *Jones,* 192 Ark. 1106, 96 S. W. (2d) 957. In that case, after a review of other recent cases, it was held that a suit on a policy providing for payment of disability

benefits upon due proof that the insured had become totally and permanently disabled had been prematurely brought, if brought before furnishing the proof of disability. required by the policy.

The insured recovered a judgment for disability benefits, to reverse which this appeal has been prosecuted, and the only question raised is whether the suit had been prematurely brought. The decision of this issue turns upon the question whether notice and proof of disability had been given as required by the provisions of the policy copied above.

The insured attempted to comply with these provisions by furnishing his own affidavit and that of Dr. E. F. Norton, his attending physician, both made on blank forms furnished by the insurer for that purpose. These were not thought by the insurer to be sufficiently full and definite, and additional information was called for, which was never furnished. The insured had given the following answer as to the names of physicians who had attended him: "Doctors at Army & Navy Hospital, Hot Springs, Arkansas." The insured was an ex-service man, and had received hospitalization in Hot Springs on that account.

The insurer sent blanks to the hospital at Hot Springs for information as to insured's disability, and an answer was received from one of the physicians in service there which is very incomplete. This answer did state, however, that the insured's condition had been diagnosed as follows: "(b) 1. Arthritis, chronic hypertrophic, mild, phalangeal joints of both feet. (X-ray findings.) 2. Neuranthenia, moderately severe."

In answer to the questions there appearing, this doctor stated the symptoms of which the insured complained, and that insured had been received at the hospital on June 20, 1935, and remained there as a patient until July 13, 1935, during which time he received treatments daily, and in response to the question, "What improvement have you noted?" it was answered: "Only moderate. Pt. still had mild pains in both feet at discharge."

The affidavits of the insured and of Dr. Norton, his regular physician, are more definite.

In answer to the direction to "State fully all the symptoms and describe your condition from the beginning of your illness," insured answered: "In 1930 I noticed that my legs would get numb and give out in walking a few blocks. I then had all my teeth pulled in hopes of getting better, but it did not seem to improve my condition. Have consulted two physicians at times since 1930. Have tried to perform my work until about December 1, 1934. Since that time have been under care of physician. In June, 1935, he advised me to go to the hospital in Hot Springs, Arkansas, where I stayed from June 16th to July 13th. Doctors there pronounced my case as arthritis."

Asked to describe his activities, either indoors, around the premises, or elsewhere, insured answered: "Partly sitting around the house and sometimes driving over part of mother's farm and sometimes driving to nearby towns." He was asked: "Does your disability now completely prevent you from engaging in or performing any work for compensation, gain or profit even in a limited way? Explain." He answered: "There are certain kinds of work that I would be able to do if presented, but I feel that I am unable to get out and search for such employment." Asked since what date he was disabled, he answered: "December 1, 1934."

The affidavit of Dr. Norton did not answer all questions asked in the blank affidavit, but did state that he had treated the insured from 1930 to July, 1935, during which time he had given insured numerous treatments, and that insured had pains in the knee joints and ankles, resulting in inability to walk, and that no improvement had been noted in the case. Dr. Norton also stated that the disability was total and, in his opinion, permanent.

We think this testimony shows a substantial compliance with the provisions of the policy in regard to notice and proof of disability set out above. *Metropolitan Life Ins. Co.* v. *Weathersby*, 190 Ark. 1050, 82 S. W. (2d) 527. It appears not to have convinced the insurer of the totality and permanence of the disability; but it is not essential that it should do so, otherwise the right to sue might never accrue. We said, in the case of *American*

*Nat. Ins. Co.* v. *Westerfield,* 189 Ark. 476, 73 S. W. (2d) 155, that "Effect must be given to this provision (as to notice and proof of disability), because the parties have so contracted. But this does not mean that the insurer must in fact be convinced. On the contrary, the proof is sufficient if it justifies the presumption of disability to an intelligent judgment, reasonably and fairly exercised."

In Cooley's Briefs on the Law of Insurance (Vol. 4, page 570), cited and approved in the case of *Hope Spoke Co.* v. *Maryland Casualty Co.,* 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A 268, the reason for holding that the stipulation for notice is of the essence of the contract is to enable the insurer to investigate the circumstances while the matter is yet fresh in the minds of all, and to make timely defense against any claim filed.

The proof furnished in the instant case was sufficient for this purpose. In this connection, it may be said that the insured was not asked to submit to an examination by some other physician, and, further, that the existence of the disability as shown at the trial is not questioned on this appeal.

The judgment must, therefore, be affirmed, and it is so ordered.