THE AMERICAN NATIONAL INSURANCE COMPANY *v.* LANE.

4-5966 140 S. W. 2d 434

Opinion delivered May 20, 1940.

*J. I. Wheeler,* for appellant.

*Sam Goodkin* and *J. V. Spencer,* for appellee.

McHANEY, J. On December 30, 1926, appellant issued to appellee a policy of life insurance, covering death in the sum of $2,500 and total and permanent disability from disease or accident of $25 per month. On May 30, 1938, appellee was struck by an automobile and sustained a compound fracture of the bones in the right leg below the knee. These bones failed to unite properly, became infected and developed into osteomyelitis. He has, ever since the accident, been continuously confined to his bed and for more than one year in the hospital. On December 30, 1938, appellee made proof of disability on forms furnished by appellant. In these proofs, question 9 to be answered by the attending physician is as follows: "Do you believe the disability claimed is total and permanent and that there is neither now or will be hereafter any work, occupation or profession that the insured can do or follow to earn or obtain any wages, compensation or profit?" This question was answered "No." The policy contained a condition that the appellee should furnish to appellant at its home office due proof that the "insured has become totally and permanently disabled by bodily injury or disease, so that said insured is, and presumably will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability has then existed continuously for not less than ninety days, no benefits for such total permanent disability to accrue however prior to the submission of due proof as above

provided." The policy also provided for waiver of payment of premiums. thereafter falling due, "commencing with the annual premium due on the next policy anniversary after receipt of said due proof of disability." Also that it would make monthly payments of $25 each, beginning on the first of the next calendar month after receipt of said due proofs, "during the life of the insured and the continuance of said insured's disability."

Additional proofs were demanded by appellant and supplied by appellee, but payment was refused. This action was brought by appellee to recover the accrued benefits of $25 per month. Appellant defended on the ground that the proofs furnished by appellee did not show that he was totally and permanently disabled within the disability provision of the policy above quoted. Trial resulted in a verdict and judgment for appellee in the sum of $255.63, a sum not in dispute if a recovery was justified in any event.

The only argument made for a reversal of the judgment is, not that appellee is not totally and permanently disabled within the meaning of the policy, but that the proofs thereof did not show it. Appellant's answer tendered only one issue: It "denied liability only upon the ground that proof of disability, within the terms of the policy, had not been made." It is not contended that the evidence of total and permanent disability given at the trial is not sufficient to support the jury's finding. Three physicians made statements in connection with the proofs furnished. One is, as above set out, the one who answered "No" to question 9 in the original proofs. Two other physicians made statements in connection with the additional proofs requested and furnished. One of them stated, in answer to the question as to how he would classify appellee's disability, "Partial-Temporary," and the other stated "Total-Temporary." While appellant insists that it makes no contention that the proofs submitted must be such as to convince it of the totality and permanency of the disability, it does insist that the proofs so furnished were not sufficient to justify the presumption of disability to an intelligent judgment, reasonably and fairly exercised. According to the policy the proof sub-

mitted must show that the "insured is, and presumably will be permanently," etc. The proof executed by appellee on December 30, 1938, showed that he was injured on May 30, 1938, at Laird Hill, Texas; that he was for a time confined to the Laird Hill Hospital; that he was then confined to the Veterans' Hospital, Alexandria, La., and that he had not been engaged in any gainful occupation since the injury, a period of seven months. The statement of Dr. Pitts, the Veterans' Hospital physician, showed that he first treated appellee on October 1, 1938, that he was still hospitalized on December 28, 1938; and that he had a fracture of the right tibia with osteomyelitis and was confined to his bed. We think this made a presumptive or *prima facie* case of total and permanent disability, notwithstanding the doctor's answer in the negative to question No. 9, or the equivocal answers given by the other physicians in the supplemental proofs. That the insured was, at that time, totally disabled was not questioned. That his disability was "presumably" permanent was sufficiently established by the proof furnished to put appellant on notice and inquiry. Its subsequent inquiry was sufficient to convince it that appellee's disability was permanent and it made no defense to the contrary. We have several times held that "the proof is sufficient if it justifies the presumption of disability to an intelligent judgment, reasonably and fairly exercised." *American Central Life Ins. Co.* v. *Palmer,* 193 Ark. 945, 104 S. W. 2d 200; *Mo. State Life Ins. Co.* v. *King,* 186 Ark. 983, 57 S. W. 2d 400; *American National Ins. Co.* v. *Westerfield,* 189 Ark. 476, 73 S. W. 2d 155.

We, therefore, hold that the proofs furnished were sufficient to constitute a substantial compliance with this requirement in the policy and that a substantial compliance therewith is all that the law requires.

Affirmed.