Michael A. CLARK, Appellant,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Appellee.

No. 84–1496.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Dec. 5, 1984.

---

Victor A. Fleming, Little Rock, Ark., for appellant.

Kenneth R. Shemin, Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Michael Clark appeals from the district court's dismissal, with prejudice, of his suit in diversity on a disability insurance policy issued to him by Massachusetts Mutual Life Insurance Company. Arkansas law governs the case. The district court held that timely furnishing of adequate proof of loss by the insured prior to filing suit was a condition precedent to recovery under the policy, and that Clark had failed to comply substantially with the policy's proof of loss requirements. The district court also held that even if the proof of loss provisions were conditions *subsequent* in relation to any liability Massachusetts Mutual might have incurred under the policy, Clark's suit should be dismissed with prejudice because his delay in satisfying the provisions had "severely prejudiced" the insurer. We modify and affirm the judgment of the district court.

**BACKGROUND**

Clark purchased the insurance policy in question in November, 1975. The policy provided for payment of benefits to the insured for each month of total or partial disability, for up to a maximum period of twenty-four months. "Total disability" was defined as "incapacity of the insured, due to injury or sickness ... which ... [r]equires care at the direction of ... a legally qualified physician ... and [p]revents the insured from engaging in [his previous occupation]." The policy contained exclusions for back impairments and for disabilities arising out of military conflicts.

The policy also contained several proof of loss provisions. One such provision stated: "In case of any claim for benefits under this policy, written proof of loss must be given to the Company at its Home Office within 90 days after the termination of the period for which the Company is liable." Proof of loss was to be made on forms furnished by Massachusetts Mutual; however, the policy provided that if the insurer failed to supply the forms promptly, the proof of loss requirements would be satisfied by "written proof covering the occurrence, the character, and the extent" of the loss. The policy further provided that "No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished."

According to Clark's testimony at trial, he began to experience irritability, lack of concentration, and lapses of memory in 1977, and these symptoms gradually worsened until he became unable to work, some-

time in mid-1979. He did not resume work until April or May, 1982.

Clark alleges he first requested claims forms from Massachusetts Mutual in July, 1980; the insurer disputes this. In any event, it is certain that Clark sent a written request for forms in September, 1980. Clark's letter indicated he had been disabled since February, 1979 by a nervous condition. In response to Clark's request, Massachusetts Mutual promptly mailed Clark two forms, one captioned "Statement of Claimant" and one captioned "Health Insurance Claim." Clark was instructed to have his physician complete the "Health Insurance Claim" form.

There followed a lengthy period of dispute between the parties regarding the extent of the information Clark was required to submit in initial support of his claim. Clark returned the claims forms, but provided none of the information requested on them, other than the amount of his earnings in 1978. Clark advised Massachusetts Mutual that while he was willing to undergo examination by a "physician or shrink" of the insurer's choice, he could not afford to consult a doctor at his own expense. Massachusetts Mutual responded by sending Clark another set of claims forms, and informing him that "it is the insured's responsibility to furnish satisfactory proof of disability."

After numerous delays and further exchanges between the parties, Clark's attorney wrote Massachusetts Mutual, by letter dated June 15, 1982: "Please consider this letter demand on behalf of Michael A. Clark for the sum of $25,200, representing full recovery under the policy in question." Enclosed with the attorney's letter was a copy of a medical report from the Veterans Administration, dated September, 1980; this stated that Clark had a thirty percent service related disability from back problems, a shrapnel wound to the arm, and chronic anxiety neurosis. In the demand letter, Clark's attorney promised to send additional medical reports. In response to the communications of June 15, Massachusetts Mutual informed Clark's attorney

that Clark's claim appeared to be barred by policy exclusions. Massachusetts Mutual's letter concluded: "You mentioned in your letter that you were attempting to get additional records from other physicians who may have treated Mr. Clark. We would naturally be happy to review those records to determine whether or not a more favorable decision could be made on Mr. Clark's claim." This last letter was dated July 22, 1982. Clark filed suit the same day.

## DISCUSSION

Clark contends on appeal that he furnished adequate proof of loss, and that even if he did not, Massachusetts Mutual waived any right to receive further proof of loss by denying his claim on other grounds. Alternatively, Clark argues that the district court's finding of "severe prejudice" to Massachusetts Mutual was clearly erroneous, and that the court erred in dismissing his suit with prejudice. We address these contentions in turn.

■ We must accept the district court's finding that Clark had failed to furnish adequate proof of loss unless that finding is clearly erroneous.

■ Adequate proof of loss advises the insurer of the "nature and extent of the loss," thus enabling the company to focus its investigation, and protect itself against fraud. *Haskins v. Occidental Life Insurance Co.*, 349 F.Supp. 1192, 1196 (E.D.Ark. 1972). While the proof of loss supplied by an insured for purposes of recovering under a disability policy need not be conclusive, *American Central Life Insurance Co. v. Palmer*, 193 Ark. 945, 948, 104 S.W.2d 200, 201–202 (1937), it should be sufficient to raise a reasonable presumption of disability. *Benefit Association of Railway Employees v. France*, 228 Ark. 765, 775, 310 S.W.2d 225, 230 (1958). Prior to trial of the present case, Clark supplied only sketchy and conflicting information. He gave varying accounts of his disability onset date and his occupation. He did not notify Massachusetts Mutual when he returned to work in April or May, 1982. Nor did he give Massachusetts Mutual permis-

sion to obtain his medical records. The one medical report he did submit (in June, 1982 —nearly two years after the report had been prepared) discussed three impairments, only one of which might possibly have been compensable under the policy. Before suing Clark did not explain how his impairment affected his ability to work, or whether he was claiming total, or partial, disability. His refusal to complete even his own portion of the claims forms may well have affected to some degree the insurer's ability to investigate. In short, it is not clearly apparent that Clark sufficiently advised Massachusetts Mutual prior to initiating this suit of the nature and extent of his claim.

■ Clark contends, however, that by the time he sued, Massachusetts Mutual had already denied his claim on grounds other than failure to supply proof of loss. Clark notes, correctly, that if such a denial was made, Massachusetts Mutual waived any defense of insufficient proof of loss. *National Life & Accident Insurance Co. v. Gross*, 195 Ark. 828, 830, 114 S.W.2d 466, 467 (1938). Nevertheless, we agree with the district court that Massachusetts Mutual at no time wavered in its insistence that it be furnished adequate proof of loss. The "denial" letters to which Clark refers tentatively assert policy exclusions, but also expressly invite Clark to submit more detailed proof. Such negative implications as Massachusetts Mutual's letters contained merely served to preserve the company's defenses. Clark initiated this suit, and there is no indication Massachusetts Mutual would not have considered the evidence of disability he presented at trial as proof of loss had he ever offered it as such.

■ As noted, the policy provided that no suit for benefits should be brought "prior to the expiration of 60 days after written proof of loss has been furnished." Clark did not furnish satisfactory proof of loss prior to filing suit, and Massachusetts Mutual did not waive the requirement. Hence, the district court did not improperly dismiss the suit; it was brought premature-

ly. *Metropolitan Life Insurance Co. v. Jones*, 192 Ark. 1106, 96 S.W.2d 957 (1936).

■ We cannot agree, however, that it was necessary to dismiss Clark's suit with prejudice. Any theory that supplying of proof of loss was a condition precedent to liability under the policy tends to be dispelled by the following policy language: "written proof of loss must be given ... within 90 days after ... the period for which the company *is liable*" (emphasis added). Thus the policy itself contemplates that proof of loss may be submitted after disability terminates; and at least to some extent, difficulty the insurer may have in investigating a disability that has already ended is part and parcel of the insurance agreement.

Apart from speculation as to the extent that delay in submitting proof of loss may have prejudiced Massachusetts Mutual, our review of the record has uncovered no factual support for the district court's finding of severe prejudice. Indeed, that court identified no such specific fact. As indicated, the insurer may well have considered the evidence of disability presented at trial adequate proof of loss had it been timely offered as such.

Finally, it is irrelevant whether the ninety day deadline specified by the policy for submitting proof of loss was satisfied, since Massachusetts Mutual consistently invited Clark to submit additional proof, and never invoked the deadline. At oral argument, counsel for Massachusetts Mutual confirmed that the company had accepted and considered Clark's submissions up until the time Clark actually filed suit. Clearly, either the ninety day period had not elapsed when this suit was filed (in which case further action would not be barred under Arkansas law, *Metropolitan Life Insurance Co. v. Jones*, 192 Ark. 1106, 96 S.W.2d 957 (1936)); or Massachusetts Mutual itself waived compliance with the deadline.

Accordingly, the district court's dismissal of this suit is modified, so as to be without prejudice, and otherwise affirmed.