4-5846                                        138 S. W. 2d 79

Opinion delivered March 18, 1940.

*Gaughan, McClellan & Gaughan,* for appellant.

*A. L. Brumbelow, L. B. Smead* and *J. Bruce Streett,* for appellee.

McHaney, J. Appellee is the widow of Vernon O. Merritt. The latter was employed as an agent of appellant from 1931 to July, 1937. Appellant provided group insurance for its employees, the premiums thereon being paid partly by it and partly by its employees. Mr. Merritt became insured in the group when he became an em-

ployee in 1931, in which his wife, the appellee, was named beneficiary, as also in the other group policies or certificates herein mentioned. This policy or certificate provided for three benefits: $3,000 in case of death, certain benefits in case of temporary disability, and certain benefits in case of total and permanent disability. This certificate was discontinued in June or July, 1933, of which the employees had notice, and they were asked to, and Mr. Merritt did, make application to appellant for a new group certificate to be issued August 1, 1933. This certificate was issued to Mr. Merritt, and it provided for payment of $3,000 in case of death and for certain benefits in case of total and permanent disability. This certificate was numbered 455 and will be referred to by said number hereinafter.

Certificate No. 455 was discontinued on August 31, 1935, by notice previously given. On August 7, 1935, Mr. Merritt made application for a new group certificate which appellant proposed to and did establish as certificate No. 366, which provided for only one benefit—$3,000 in case of death. Certificate Nos. 455 and 366 both provided discontinuance of insurance in case the employee ceased to be such, but made provision for converting the group insurance into regular insurance on termination of employment with the company. Mr. Merritt stopped working for appellant in July, 1937, and he did not exercise his right to convert certificate No. 366 into a regular policy. He died February 24, 1938.

In his application of date August 7, 1935, Mr. Merritt stated: "I, Vernon Otto Merritt, an employee of The National Life & Accident Insurance Co., Inc., Nashville, Tenn., hereby apply for life insurance in the group established by the company for its employees and agree that the benefits offered by the company to the members of said group shall be in lieu of any and all previously issued certificates, policies or publications by which insurance or indemnity of any kind is provided for its employees by the company's contributions to premiums either wholly or in part." Each group policy provided that: "Establishment of said group is a voluntary act of the company and it reserves the right to dis-

continue the group by written notice to the members given ninety days prior to such discontinuance. . . . This certificate supersedes and cancels, except as to existing valid claims, if any, all previously issued certificates, policies or publications by which insurance or indemnity of any kind is provided for its employees by the company's contribution to premiums either wholly or in part.'' Certificate No. 455, in paragraph 3, provides: ''If the employee, before attaining the age of sixty-five years, and while a member of said group, shall furnish to the company at its home office, proofs satisfactory to it that the employee is then, and for a period of at least six months immediately preceding the furnishing of such proofs, has been continuously disabled by bodily injury or disease so that he (or she) has been, is, and for the remainder of his (or her) life will be permanently and wholly prevented thereby from performing any work for any kind of compensation of financial value, then in lieu of all other benefits under this certificate, the employee will be indemnified for such total and permanent disability by sixty equal monthly payments certain such as will be provided by the sum stated in paragraph 7 as payable at death, computed on the basis of interest at the rate of three and one-half per cent. (3½%) per annum, compounded annually. The first of said payments certain shall be made on the first day of the next calendar month following the company's acceptance of aforesaid proofs.''

Appellee brought this action as beneficiary to recover on certificate No. 455 for the disability benefits provided in the paragraph next above quoted. She alleged that Mr. Merritt became totally and permanently disabled in the fall of 1934 and so remained until his death on February 24, 1938, to the knowledge of appellant, although he continued to do a part of his work for some time after disability; and that appellant paid Mr. Merritt certain benefits during his lifetime, the exact amount of which was unknown to her. She prayed judgment for 60 payments or $3,000, less whatever amount had been paid to her husband during his lifetime, attorney's fees and penalty. Appellant defended on a number of grounds, one or more of which will be hereinafter dis-

cussed. At the conclusion of the evidence both sides requested directed verdicts in their favor and no other instructions. The court directed a verdict for appellee, on which judgment was entered, and this appeal followed.

We think the learned trial court erred in not directing a verdict for appellant instead of appellee. In the first place it is conceded by appellee that Mr. Merritt never at any time furnished "to the company at its home office, proofs satisfactory to it" that he was then and had been for six months disabled as provided in clause 3, above quoted. This was a condition on which disability benefits were granted and was a condition precedent to a right of recovery. In this respect, this case is ruled by *New York Life Ins. Co.* v. *Moose,* 190 Ark. 161, 78 S. W. 2d 64. The fact that the district manager of appellant and some of its other agents knew of his illness and disability cannot change or waive the requirement in the certificate of formal proofs to the company at its home office. The granting of the disability benefits is conditioned on the proof.

Another reason appellee cannot recover is that the undisputed proof shows that Mr. Merritt was not totally and permanently disabled within the meaning of clause 3. While it is true that he was in bad health, suffered pain, had a painful operation, and was advised by his physicians that he should not work, the fact remains that he did work for appellant continuously from 1931 to July, 1937. That clause provides that he must have been disabled so that he "will be permanently and wholly prevented thereby from performing any work for any kind of compensation of financial value." Now, it is undisputed that Mr. Merritt continued his work for appellant from the time it is claimed he became totally disabled in 1934 until July, 1937, not as efficiently perhaps nor with the same ease and comfort, but he did perform work for "compensation of financial value." He was partially disabled, but partial disability was not covered and courts cannot, by construction, import terms into insurance contracts that are not there, nor rewrite policies so as to cover risks not assumed. In this respect, this case is ruled adversely to appellee by the recent case

of *Lyle* v. *Reliance Life Ins. Co.*, 197 Ark. 737, 124 S. W. 2d 958.

In May, 1935, appellant gave notice to Mr. Merritt and its other employees covered by Certificate No. 455, that on September 1, 1935, the existing group would be discontinued, a right reserved to it in express terms. On August 7, 1935, he executed the application for insurance in the new group which was given in certificate No. 366. In this application he agreed that the benefits offered ''shall be in lieu of any and all previously issued certificates, policies or publications by which insurance or indemnity of any kind is provided for its employees by the company's contributions to premiums either wholly or in part.'' Based on this application appellant issued its certificate No. 366 to Mr. Merritt, which he accepted, and it provided: ''This certificate supersedes and cancels, except as to existing and valid claims, if any,'' etc., as above quoted. But appellee says, certificate No. 455 was not canceled as to him, because Mr. Merritt had an ''existing and valid'' claim at the date of its cancellation. In the first place, as we have shown, he was not disabled within the meaning of the certificate, and in the second place, he had no ''existing and valid'' claim because he presented none. He made no claim of any kind during the life of certificate No. 455, made no proofs and, therefore, had no claim. So certificate No. 455 was canceled and superseded by No. 366.

During the summer and fall of 1937, appellant allowed and paid Mr. Merritt $160. He was paid six weeks at $20 per week, and on September 17, his district manager wrote him a letter enclosing check for $40, being four weeks' allowance at $10 per week. In this letter it was said: ''If you are still disabled on or after September 25, write Mr. C. C. Beerman, at the Home Office, Nashville, Tennessee, because he has indicated that having paid six weeks at $20 per week and four weeks at $10 per week, it may be the company will not be able to continue payments further. You know, of course, V. O., that these are matters beyond the control of myself.'' That these payments were gratuities is apparent from the above letter; that they were not payments under

certificate No. 455 is certain. The certificate had been canceled for two years. It neither authorized nor required payments by the week or month in any such sums. In case of liability for total disability to Mr. Merritt, the payments required were $50 per month for 60 months.

For these reasons, the judgment must be reversed, and, as the cause appears to have been fully developed, it will be dismissed.