NATIONAL CASUALTY CO. *v.* JOHNSON.

5-1025                                    293 S. W. 2d 703

Opinion delivered October 1, 1956.

*Talley & Owen* and *Robert L. Rogers II,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

PAUL WARD, Associate Justice. Appellee, Beryl Johnson, recovered judgment, based on a jury verdict, against appellant for loss of time [as a school teacher], medical expenses, and penalty, in accordance with the provisions of an insurance policy.

The Insurance Company seeks a reversal on two grounds, viz: (a) The condition complained of by appellee was existing at the time the policy was issued, and; (b) Appellee did not give notice of the accident as provided for in the policy. For the purposes of this opinion there is no dispute about the facts, and both issues raised by appellant were properly presented to the trial court.

In 1952 appellee had an ulcer on her left leg, resulting in an operation for varicose veins, and in a skin graft in August of that year. Apparently the condition continued to exist to some extent throughout 1952 and 1953. On November 1, 1953 appellant issued to her the policy in question after its agent had contacted her personally.

Appellee contended that a few days after January 1, 1954 she had an accident — that the shoe rubbed her left foot and that her condition became so bad that she went to the hospital on the 8th. On the 16th she wrote appellant to the effect that she was sick. This is the notice which appellant claims does not comply with the provisions of the policy.

Following the above notice appellant sent appellee a "Preliminary Blank for Sickness" which she filled out on March 10, 1954 and returned. Item No. 10 of this blank [as filled out by appellee] reads: "My sickness was ruptured blood vessel and ulcer on foot." On May 4, 1954 appellant wrote appellee a letter denying liability on the ground that the condition complained of existed before the policy was issued.

On June 17, 1954 appellee filed her suit against appellant based on sickness. This complaint was amended in response to a motion by appellant, and finally, on April 26, 1955 appellee, for the first time, alleged that her condition was the result of an injury or accident suffered on or about January 8, 1954.

(a) It appears clear to us that appellant is not entitled to a reversal on the ground that the condition complained of existed before the policy was written. This suit was filed and tried on the theory of an accident, not sickness, and there is no contention by appellant that the accident complained of occurred before November 1, 1953, the date of the policy. Neither is there any contention by appellant that its policy contained no accident provision.

(b) The question of whether appellee had in fact suffered an accident is a close one, but we need not be concerned with it here. This question was presented to the jury by instructions to which appellant interposed only general objections, and appellant does not here contend there was no substantial evidence to support the instructions or the verdict of the jury.

The question of the sufficiency of the notice is a more difficult one. In this connection the policy provides:

"This policy provides indemnity for loss of life, limb, sight or time resulting from accidental bodily injury effected directly, and independently of all other causes and sustained while this policy is in force (hereinafter referred to as 'such injury') and for loss of time caused by sickness commencing while this policy is in force (hereinafter referred to as 'such sickness')."
It also provides:

"Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In the event of accidental death, immediate notice thereof must be given to the Company."

The only specific notice given by appellee to appellant was the letter she wrote on January 16, 1954 while in the hospital. It reads:

"Am sorry to have to advise you that I was taken ill on January 6, 1954. I was taken to St. Vincents

Infirmary on order from my doctor on January 8, 1954. Cause of disability: excessive bleeding from an ulcer on left foot, my policy number is  . . ."

Appellant ably argues that the notice in this case, referred to being "ill," was not sufficient to notify it that appellee had suffered an accident, and therefore was not a compliance with the requirements of the policy on notice.  In support of this contention appellant cites *American Central Life Insurance Co.* v. *Palmer,* 193 Ark. 945, 104 S. W. 2d 200, quoting that portion of the opinion where it approved this statement:

". . . the reason for holding that the stipulation for notice is of the essence of the contract is to enable the insurer to investigate the circumstances while the matter is yet fresh in the minds of all, and to make timely defense against any claim filed."
Also our attention is called to the statement in 45 C. J. S., page 1219, Sec. 98, where, among other things, it is said:

"*Contents of notice.* The notice should contain particulars sufficient to identify insured, should state that the injury or death was the main result of accident, and should state the cause of the accident."

We take it the commentator might well have included "sickness" [as well as "accident"] if the occasion demanded.  Included also in the statement copied by appellant are these expressions: "Substantial compliance with the provisions of the policy as to notice is sufficient," and "A notice giving the best information available at the time is sufficient."

While we do not find that the exact question presented here has ever been before this court, and while the answer to it is not made crystal clear by a study of the numerous decisions dealing generally with the question of notice, we have reached the conclusion that there was a substantial compliance with the provisions of the policy in this instance.

The courts and text-writers appear agreed that, in general, the purpose of notice is to afford the insurer

an opportunity to make adequate investigation for a defense, in the event of litigation, and to prevent fraud. When a notice has served this purpose it should not be used as a technical defense to prevent justice. 29 Am. Jur., Sec. 1100 [Insurance-Purpose and Necessity] states:

"The purpose of a provision for notice and proofs of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it."

A statement to the same effect is found in 45 C. J. S., page 1231, under the sub-head of "General Principles" as related to notice where "notice" is distinguished from "proof of loss":

"The object of notice is to acquaint insurer of the occurrence of the loss, so that it may make proper investigation and take such action as may be necessary to protect its interests. The object of the proofs is to furnish insurer with the particulars of the loss and all data necessary to determine its liability and the amount thereof."

Another reason why courts require only a substantial compliance by the insured is that the insurer chooses the language in its policies and the realization that the average person is not able to make fine technical distinction. It will be noted, from the quotation copied above relative to notice, that it is not made clear that the cause of the disability [whether accident or sickness] must be stated. Moreover the facts in this case present a situation where, in all probability, appellee could not tell definitely just what caused her disability.

It is therefore our opinion that the notice herein was a substantial compliance with the provisions of the policy, and that appellant was not deprived of the opportunity to make an investigation, prepare its defense, and prevent a fraudulent claim. Certainly, the proof fails to show that appellant was so deprived.

Affirmed.