**DIXIE FURNITURE COMPANY,**
Appellant,

v.

**CENTRAL SURETY AND INSURANCE CORPORATION, Appellee.**

No. 16242.

United States Court of Appeals
Eighth Circuit.

Dec. 14, 1959.

W. G. Dinning, Jr., and Dinning & Dinning, Helena, Ark., for appellant.

Robert S. Lindsey, and Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for appellee.

Before WOODROUGH and MATTHES, Circuit Judges, and MICKELSON, District Judge.

PER CURIAM.

This case, brought by the Dixie Furniture Company, plaintiff, against Central Surety and Insurance Corporation, defendant, is before us on an appeal by the plaintiff from a district court judgment dismissing its complaint with prejudice. The case was submitted to the district court upon the pleadings, a copy of the insurance policy in suit, an agreed statement of facts, and written briefs. It has been submitted to us without oral argument, upon written briefs and arguments of the parties, and the trial court record.

The issues raised by the parties and considered by the trial court are precisely those raised on appeal, namely, (1) was there coverage under the policy; (2) did plaintiff's failure to give notice to the defendant of the accident and of the suits filed by third persons in the circuit court of Monroe County, Arkansas, against the insured, Dixie Furniture Company, until after trial and judgments, constitute such non-compliance with conditions of the policy as to relieve defendant insurance company of any obligation to pay judgments and costs of defense; and (3) was there a waiver by defendant of plaintiff's failure to comply with the policy requirements with respect to giving notice of the accident, claims, lawsuits and trial. The trial court, in a complete and exhaustive memorandum, considered and decided each of these points. D.C.E.D. Ark.1959, 173 F.Supp. 862.

We have carefully reviewed the trial court record, and find the facts as set forth in the trial court's memorandum to be complete and accurate. We have also reviewed the briefed arguments of the parties and the law cited in support thereof. The trial court's memorandum decision dealt squarely with each of the issues presented to us on this appeal, and reached the only conclusions which we believe possible under the facts and circumstances of this case. We could, of course, write our own detailed opinion, but it would necessarily be a reiteration of the trial court's memorandum decision, and we therefore adopt the same as our own.

Affirmed.