GENERAL AMERICAN LIFE INSURANCE COMPANY, Appellant,

v.

J. H. YARBROUGH, Appellee.

J. H. YARBROUGH, Appellant,

v.

GENERAL AMERICAN LIFE INSURANCE COMPANY, Appellee.

Nos. 18171, 18172.

United States Court of Appeals.
Eighth Circuit.

May 13, 1966.

James L. Sloan, Little Rock, Ark., made argument for J. H. Yarbrough and filed brief.

Ben R. Swank, Asst. Gen. Counsel for General American Life Ins. Co., St. Louis, Mo., made argument for General American Life Insurance Co. and filed briefs with J. K. Mahony, H. S. Yocum, Emon A. Mahony, Henry S. Yocum, Jr., and C. E. Wright, El Dorado, Ark. Frank P. Aschemeyer, General American Life Ins. Co., St. Louis, Mo., was also on the brief.

Before MATTHES and GIBSON, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge.

This is a diversity suit brought by plaintiff, a citizen of Arkansas, against

defendant, a Missouri Corporation having its principal place of business in that state. The suit is based on two group industrial policies issued to Phillips Petroleum Company, providing life and disability insurance to Phillips' employees. Policy No. G–1110–R was issued by defendant. The other, Policy No. G–1110, was issued by its predecessor, Missouri State Life Insurance Co., and assumed by defendant. Plaintiff claims $11,952.60 under Policy No. G–1110–R and $2,173.20 under Policy G–1110, plus a 12% statutory penalty and a reasonable attorney's fee.

The District Court found that prior to plaintiff's retirement on September 1, 1961, as a Phillips employee he was totally and permanently disabled within the meaning and coverage of both policies and held that his claim was neither barred nor premature by reason of his failure to make proof of disability within a year after his retirement or by his failure to make such proof on forms furnished or prescribed by the insurance company. The district court further found that defendant was not guilty of such a breach or repudiation of the contract as would entitle plaintiff to the present value of future disability installment payments and that plaintiff was not entitled to any statutory penalty or attorney's fee. The District Court opinion is reported at Yarbrough v. General American Life Insurance Company, 241 F.Supp. 448.

Plaintiff and defendant have separately appealed from those portions of the judgment adverse to them.

A capsule history of the two policies is helpful to an understanding of our disposition of the questions presented on this appeal. Prior to 1959 the two policies provided that if an employee became disabled and established a claim for disability benefits he lost his life insurance protection. In 1959 both policies were amended by a rider permitting the employee to apply on a form approved by the company for continuance of life insurance after retirement without prejudice to disability claims based on disability arising before retirement, provided any such disability claim was made within twelve months from the effective date of his retirement.

The provisions of Group Policy No. G–1110 setting out the disability benefits and required notice were attached to and as a part of Certificate No. 16968 which was issued and delivered to plaintiff in 1933. The particular provisions as to notice read: "6. Notwithstanding any provision in this policy to the contrary * * * no claim for total and permanent disability benefits hereunder shall be allowed to any insured employee unless notice of his permanent and total disability be received by the company not later than twelve months after the cessation of premium payments in respect to such disabled employee's insurance. 7. The proofs required by this provision shall be upon forms furnished by the company."

The provision of Group Policy No. G–1110–R setting out the disability benefits and required notice were attached to and as a part of Certificate No. 3488, which was issued and delivered to plaintiff in 1948. The notice portion stated: "7. As a condition precedent to any liability of the Company on account of the total and permanent disability of any employee, written proof on the company's forms of the total and permanent disability of such employee must be furnished to the company at its Home Office in St. Louis, Missouri, within twelve months after the termination of such employee's insurance."

When the policies were amended in 1959, no new certificates were issued to plaintiff and there is nothing to indicate that he knew that his electing to take post-retirement insurance protection would be without prejudice to a pre-retirement disability claim provided such claim and sufficient proof thereof is made within twelve months from the effective date of his retirement.

Immediately prior to his retirement plaintiff's basic life insurance coverage under Policy No. G–1110 was $2,000, and under Policy No. G–1110–R was

$11,000. About the middle of August, 1961, plaintiff elected in writing to continue life insurance coverage after his retirement which was anticipated and imminent. He chose to keep in force the full $2,000 coverage provided by his earlier policy but reduced the coverage of the later policy from $11,000 to $2,000. Pursuant thereto on his retirement he was issued two new certificates designated as Certificates Nos. 975971. Each new certificate certified that plaintiff "is insured * * * (for $2,000) subject to the terms, conditions and limitations of" the particular Group Policy. The new certificates did not specifically refer to any notice requirements. At the bottom of each certificate was printed the statement that this certificate is issued in lieu of and supersedes any certificate that may heretofore have been issued to the insured under the particular group policy.

The new certificates said nothing about any disability protection. Defendant conceded at a pre-trial conference that plaintiff does have some disability protection under the new certificates based on plaintiff's present life insurance coverage of $4,000 as compared to $13,000 under the old certificates. The policies provided for a certain number of monthly payments at an amount determined by the amount of life insurance. Plaintiff then and now seeks recovery on the basis of a pre-retirement disability with payments to be measured by reference to the $13,000 in life insurance in effect at the alleged onset of the disability.

On April 17, 1963, plaintiff addressed a demand letter to defendant stating he had become totally disabled on August 31, 1961, as a result of rheumatoid arthritis and that his disability was permanent. He referred to the Group Policies by number and to the life insurance amount as being $2,000 under the old policy and $11,000 under the newer policy.

On April 26, 1963, defendant replied, acknowledging receipt of the August 17th letter advising, "We are writing to Phillips Petroleum Company in Bartlesville, Oklahoma, to obtain information regarding Mr. Yarbrough's insurance." On May 10, 1963, defendant wrote again saying, "Please refer to our letter of April 26, 1963. The Phillips Petroleum Company has advised us that Mr. Yarbrough retired effective September 1, 1961, and as a retired employee is currently insured for $2,000 under policy G–1110, and $2,000 under policy G–1110–R. We understand that Mr. Yarbrough last worked on August 31, 1961. Therefore, it appears that any claim for total and permanent disability benefits would be subject to the terms of the certificates issued to Mr. Yarbrough effective September 1, 1961. With this understanding, the enclosed forms may be completed and submitted to us for our consideration. * * * In furnishing these forms, the General American Life Insurance Company does not waive any of its rights or admit liability."

Plaintiff did not execute or submit to the company the forms enclosed with the letter. In due time defendant advised it was denying liability on the basis of absence of timely and sufficient proof of disability and absence of compensable disability prior to retirement.

■■ The question of whether the trial court erred in finding that plaintiff was totally and permanently disabled prior to retirement as required by the policies may be readily answered. This being a diversity of citizenship case, the substantive law of Arkansas is controlling. Under Arkansas law an insured under policy provisions such as before us is not required to establish that he is completely helpless or bedfast in order to show compensable total disability. He need only be so disabled as to be unable to perform all the substantial and material acts of his business or trade, or the execution of them in the usual or customary way. Franklin Life Ins. Co. v. Burgess, 219 Ark. 834, 245 S.W.2d 210, 213. In Benefit Association of Railway Employees v. France, 228 Ark. 765, 310 S.W.2d 225, 227, the Arkansas Supreme Court in explaining the meaning of such

a requirement said, "Nor does the law require one to perform duties at the peril of his life or health, nor to perform them if their performance entails pain and suffering which a person of ordinary prudence and fortitude would be unwilling and unable to endure." * * * And, loc. cit. 228, "When the rule is thus stated and analyzed, it will be seen that the mere fact that the insured performs certain labor, when common care and prudence require otherwise, does not of itself demonstrate a lack of total disability."

■ Whether the insured at the controlling point of time is totally disabled within the meaning of the policy is a question of fact. The essence of the testimony of the three physicians who examined plaintiff is that by the time he left Phillips employment on September 1, 1961, he was and had been for some time suffering from a very serious progressive, incurable disease, rheumatoid arthritis, which had rendered him totally and permanently disabled. None believed he would ever be able to work again. Dr. Carruthers, who examined plaintiff on January 12, 1962, for the social security people, confirmed this condition of total permanent disability, adding that plaintiff had been in that condition and in constant pain since before he retired from the company. While there is some testimony from Phillips' employees concerning plaintiff's health, possibly supporting defendant's contention concerning the health issue, it is patently not as persuasive on the issue as the medical evidence and other evidence adduced by plaintiff.

■■ The rule is that on appeal the findings of fact of the trial court shall not be set aside unless clearly erroneous. We are satisfied that the trial court has not erred in finding as a fact that plaintiff was totally and permanently disabled prior to retirement within the meaning of the pertinent provisions of each of the two policies.

We need not concern ourselves further with Group Policy No. G–1110 for de-fendant has stated that if this court affirms the finding of the trial court (as we do) that plaintiff was totally and permanently disabled as of August 31, 1961, within the meaning of that policy then defendant will pay plaintiff for such disability under the terms of that policy.

We reach the remaining and more difficult question of whether the claim of plaintiff under Group Policy No. G–1110–R is barred or premature by reason of his failure to make claim and proof of disability within a year after his retirement and on forms furnished or prescribed by the company.

Prior to 1935 the tendency of the Arkansas Supreme Court was to treat insurance contract clauses requiring proof of death or disability within a certain time as a condition subsequent. See, Pfeiffer v. Missouri State Life Ins. Co., 174 Ark. 783, 792, 297 S.W. 847, 851, 54 A.L.R. 600; Missouri State Life Ins. Co. v. Foster, 188 Ark. 1116, 69 S.W.2d 869, 871; Missouri State Life Ins. Co. v. Johnson, 186 Ark. 519, 54 S.W.2d 407; 3 Appleman, Insurance Law and Practice, Section 1395, page 14. However, commencing with the four to three decision in New York Life Ins. Co. v. Moose, 190 Ark. 161, 78 S.W.2d 64, such insurance contract clauses were considered as conditions under which disability benefits will be granted and therefore as conditions precedent. The dissenting opinion viewed the majority opinion as a radical change in Arkansas law saying, loc. cit. 69: "Such interpretation overturns all our previous opinions on this subject * * *." And again, loc. cit. 70, "The effect of the majority opinion is to overrule by implication the *Hope Spoke Co.*, [Hope Spoke Co. v. Maryland Casualty Co., 102 Ark. 1, 143 S.W. 85, 38 L.R.A., N.S., 62] the *Pfeiffer*, the *Smith*, [Smith v. Mutual Life Ins. Co., 188 Ark. 1111, 69 S.W.2d 874] the *Dupins*, [Pacific Mutual Life Ins. Co. v. Dupins, 188 Ark. 450, 66 S.W.2d 284] and many other previous opinions of this court * * *." The *Moose* case has been cited with approval and followed in later Arkansas

decisions. See, National Life & Accident Ins. Co. v. Merritt, 200 Ark. 158, 138 S.W.2d 79, 80; Home Life Insurance Co. v. Swaim, 200 Ark. 819, 142 S.W.2d 209, 211.

It is plaintiff's position that even so, defendant has so confused the proof requirement that plaintiff was not chargeable with notice of it; that an ambiguity was created by the issuance of the new certificates in terms superseding the original certificates and by their omitting to state any requirement as to making proof of disability; and that as a result the notice provisions of the group policy were not binding on the plaintiff, citing the *Johnson* and *Foster* cases, supra.

The error of this position is that plaintiff concededly brought his suit on the basis of the insurance evidenced by the original certificate, i. e. the Group Policy as it existed on August 31, 1961. Plaintiff's counsel frankly acknowledges plaintiff is not suing on the basis of the new Certificate No. 975971 evidencing $2,000 life insurance but rather claims under former Certificate No. 3488 evidencing $11,000 insurance.

Certificate No. 3488, which had been delivered to plaintiff years ago, plainly stated that "As a condition precedent to any liability of the company on account of the total and permanent disability of any employee, written proof on the company's forms of the total and permanent disability of such employee must be furnished to the company at its Home Office in St. Louis, Missouri, within 12 months after the termination of such employee's insurance." These quoted notice provisions are clear and unambiguous. They are the exact notice provisions contained in the group policy itself and *the certificate plainly states that fact.* These provisions were not referred to or changed in any way in new Certificate No. 975971. And certainly there was nothing contained in the new certificate to cause any reasonable person to believe the notice requirements of the Group Policy had been changed or rescinded. We believe it unreasonable to conclude from the undisputed facts that new Certificate No. 975971 which does not mention the subject of disability benefits or notice but which does make coverage subject to the terms, conditions and limitations of the Group Policy No. G–1110–R creates any such situation of "ambiguity" or confusion as to wipe out the notice requirements clearly set out as a condition precedent both in the Group Policy and in the very certificate upon which plaintiff brings this suit.

It is noteworthy that plaintiff has not pleaded either waiver or estoppel but rather relies upon two Arkansas cases, *Johnson* and *Foster,* supra, decided prior to 1935 and prior to the change in Arkansas law announced in the majority opinion of the *Moose* case. Additionally, these two cases are distinguishable on their facts. In the *Johnson* case (written in 1932 by Humphreys, J., who was a dissenter in the *Moose* case) the only provision in the certificates as to either notice or proof of loss was: "Immediately upon receipt of due proof of loss, the company will pay * * *." The opinion treated the policy notice conditions as though they established only a condition subsequent. In the *Foster* case (written by Johnson, J., author of the dissent in the *Moose* case) the certificates contained no pertinent notice of disability requirements whatsoever. The master policy provided, "Immediate written notice * * * shall be given * * *." The opinion (two judges dissenting) held the master policy notice provisions which claimant had never seen were not a condition precedent to the right of recovery and that since the certificates said nothing about any requirement of immediate notice claimant was not precluded from recovery by not having given immediate written notice. Most noteworthy is the fact that neither the *Johnson* case nor the *Foster* case concerned a suit based on a certificate which clearly and unambiguously contained, as stated conditions precedent to recovery, notice provisions which were in the hands of the claimant.

The standard for review of a doubtful or contested question of state law is whether the trial judge has reached a permissible conclusion concerning it. We are persuaded by our study of the pertinent Arkansas decisions, most of which we have discussed above, that the conclusion of the trial court is not a permissible one. We hold that the notice provisions of Group Policy No. G–1110–R as repeated in and evidenced by Certificate No. 16968 were conditions precedent with which plaintiff was required to but failed to comply, and that plaintiff is not entitled to a judgment based on the $11,000 of life insurance evidenced by that certificate.

However, defendant has stated it will pay plaintiff disability compensation on the basis of $2,000 of life insurance on Group Policy No. G–1110–R as evidenced by new Certificate No. 975971 if we affirm the trial court's finding (as we have) that plaintiff was totally and permanently disabled when he retired.

In his appeal plaintiff has contended the trial court erred in refusing to award him the present value of future disability payments for the reason that there was an anticipatory breach of the contract. However, we are convinced the trial court ruled this contention correctly. The defendant never denied the existence of contractual relations with plaintiff and never indicated any intent not to abide by the provisions of the policy. Defendant only denied plaintiff had made proof of the claimed disability within the time and in the manner provided by the policy. Such action by defendant is not repudiation of the policies so as to result in an anticipatory breach of their provisions, and plaintiff is not entitled to the present value of the future installments of disability payments. For supporting authority, see Massachusetts Protective Assn. v. Jurney, 188 Ark. 821, 68 S.W.2d 455; Jefferson Standard Life Ins. Co. v. Slaughter, 190 Ark. 402, 79 S.W.2d 58.

Reversed and remanded with directions to enter judgment in accordance with the views expressed herein.