**John T. HASKINS, Plaintiff,**

v.

**OCCIDENTAL LIFE INSURANCE CO. OF CALIFORNIA, Defendant.**

**No. LR–71–C–177.**

United States District Court, E. D. Arkansas, W. D.

Nov. 3, 1972.

Ralph E. Wilson, Osceola, Ark., and Philip Robbins, Phoenix, Ariz., for plaintiff.

W. S. Mitchell and Robert Lowry, Little Rock, Ark., for defendant.

## Memorandum Opinion

HENLEY, Chief Judge.

This diversity case is a suit upon a policy of accident insurance issued in 1966 by the defendant, Occidental Life Insurance Co. of California, to the then wife of plaintiff, John T. Haskins of Little Rock, Arkansas, Mrs. Joanne Parrish Haskins. The policy was in the principal sum of $50,000, and the Company undertook to pay that sum to the beneficiary, Mr. Haskins, on account of the accidental death of the insured. The Company also undertook to pay to the insured the principal sum in the event of her accidental loss of specified portions of her body and to pay one-half of the principal sum in the event of accidental loss of one hand, or one foot, or the sight of one eye. The policy contained a number of "Exceptions" and specified that no benefits would be payable under the policy for loss resulting from suicide or attempted suicide regardless of the sanity or insanity of the insured.

Between the effective date of the policy and June 7, 1970, Mr. and Mrs. Haskins were divorced, and she remarried. However, the policy was kept in force, and there was no change of beneficiary. On the date just mentioned the insured died following her ingestion of a quantity of sleeping pills. She left no suicide note. The death was investigated by the Little Rock Police Department, by the Coroner of Pulaski County, Arkansas, and by the Arkansas State Medical Examiner.

Following the death of the insured, Mr. Haskins, through his law partner, Mr. James H. Larrison, Jr., made demand on the Company for payment of the principal amount of the policy. That demand was not complied with, and this suit was filed on September 16, 1971.

The defendant answered in due course and pleaded suicide on the part of the insured and also pleaded that plaintiff had not complied with the proof of loss requirement contained in the policy.

In early October of the current year the case came on for trial before Court and jury. Prior to the commencement of the trial counsel agreed that the

proof of loss issue would be submitted to the Court and that the only issue to be submitted to the jury would be that of suicide, with respect to which issue the defendant assumed the burden of proof.

The evidence reflected the cause of death and also dealt with the personality of the insured and with her conduct preceding the death. It was rather clearly established that the insured was a highly unstable woman, that she had serious mental or emotional problems, and that she might have had a tendency toward suicide. However, as stated, she left no suicide note, there were no witnesses to the death, and the drugs that caused the death might have been taken accidentally.

After the evidence had been concluded instructions with respect to the suicide issue were settled in chambers, and at the conclusion of those proceedings the Court announced that it was ruling against the defendant on the proof of loss issue.

The suicide issue was then argued to the jury, and the jury was instructed on that issue. The jury by its verdict found that the insured had not committed suicide or at least that the defendant had not carried its burden of proving by a preponderance of the evidence that the insured had intentionally taken her own life.

Due to a controversy between the parties about interest entry of judgment was deferred. Counsel submitted informal briefs dealing with that controversy, and counsel for the defendant requested the Court to reconsider its ruling on the proof of loss issue. No complaint has been made about the jury's verdict on the issue of suicide, and the Court will say at this point that the jury's finding was certainly a permissible one in the light of the evidence.

In view of counsel's request for a reconsideration of the Court's ruling on the question of proof of loss the Court has carefully studied relevant policy provisions and certain evidence relevant to that issue. The Court has come to the conclusion that its initial ruling was correct, but that the issue merits discussion.

The basic insuring agreement, which appears on the first page of the policy, was that the Company would "pay a benefit for loss of life, loss of sight, or loss of hands or feet, resulting from accident within 90 days from the date of the accident, subject to the provisions, definitions and exceptions in this policy."

The policy then went on to specify benefits payable for various losses, to define certain terms, and to set out certain "Exceptions," including the suicide exception that has been mentioned.

The list of exceptions was followed by certain "General Provisions." The Court is concerned with the General Provisions entitled, respectively, "Notice of Claim," "Claim Forms," "Proofs of Loss," "Time of Payment of Claims," "Payment of Claims," and "Legal Actions."

The "Notice of Claims" provision required that written notice of a claim be given within 30 days after the occurrence or commencement of a loss or as soon as possible thereafter.

In the provision entitled "Claims Forms" the Company obligated itself to provide suitable forms within 15 days after receipt of a notice of claim. That provision then went on to state: "If such forms are not furnished within fifteen days after the giving of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in this policy for filing proofs of loss, written proof covering the occurrence, the character and the extent of the loss for which claim is made."

The "Proofs of Loss" provision required the submission of written proof of loss within an initial period of 90 days after the date of loss, which period would in some circumstances be extended to as much as a year but no longer

unless the claimant should be legally incompetent.

The "Time of Payment of Claims" provision specified that any benefit payable under the policy would be paid immediately upon receipt of due written proof of loss.

The "Payment of Claims" provision was to the effect that in the case of accidental death the benefit would be paid to the named beneficiary, and that other benefits would be paid to the insured.

The "Legal Actions" provision was as follows: "No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

As has been said, the insured died on June 7, 1970. On June 15 of that year Mr. Larrison, who has been mentioned, wrote a letter to the Company identifying the insured by name, and the policy by number. The letter stated that demand was being made on the Company on account of the death of the insured, and a request was made that claim forms be furnished. The defendant concedes that this letter met the Notice of Claims requirement of the policy.

On June 30, 1970, a representative of the Company replied to Mr. Larrison's letter but did not transmit any claim forms. Instead, the Company requested further information as to the death. The writer pointed out that Mr. Larrison's letter gave no details of the death, and that if the insured had died from natural causes and not from accident, no benefit was payable under the policy.

Mr. Larrison did not reply to that letter, and no other information was furnished to the Company and no proof of loss was ever filed by plaintiff or on his behalf. There is no evidence that the Company ever made any investigation of the death of the insured prior to the filing of the suit well after the maximum time for the filing of a proof of loss had expired.

The position of the Company is that the proof of loss requirement was a valid requirement and that substantial compliance with it was a condition precedent to recovery on the policy. The plaintiff denies that that position has merit, and affirmatively plaintiff contends that the failure of the Company to supply forms as requested by Mr. Larrison amounted to waiver of the requirement in question.

■■ Insurance policies of all sorts commonly contain provisions requiring insureds or beneficiaries to give notices of claims or occurrences or to supply proofs of loss, or to do both. The purpose of those requirements is to put the insurer on notice that a claim is being or may be made and to enable the insurer to make a prompt and proper investigation so that it can appraise its position and the extent of its exposure, and so that it can protect itself from fraud. National Casualty Co. v. Johnson, 1956, 226 Ark. 737, 293 S.W.2d 703. There is a difference between a "notice of claim" and a "proof of loss." A notice of claim is generally informal, and its principal purpose is to notify the insurer that a loss or accident has occurred. A proof of loss, which generally comes later, is designed to give more details about the nature and extent of the loss. Ibid. Where an accident policy is involved, the proof of loss should be sufficient to identify the insured, should advise that the injury or death was the result of accident, and should state the cause of the accident. Ibid. at page 740 of 226 Ark., 293 S.W.2d 703, citing 45 C.J.S. Insurance § 987, p. 1219; see also Dortch v. New York Life Insurance Co., 8 Cir., 1959, 268 F.2d 149.

Problems arising in connection with such requirements have been the subject of numerous decisions by the Supreme Court of Arkansas, the Court of Appeals for the Eighth Circuit, and federal Dis-

trict Courts sitting in this State and applying Arkansas law in diversity cases. No useful purpose would be served by undertaking to cite all of those cases. The Court thinks that the following list of decisions is reasonably comprehensive and is sufficient to establish or illustrate the principles presently to be mentioned.

*Arkansas Supreme Court Decisions*: Tri-State Insurance Co. v. Smith, 1970, 248 Ark. 71, 449 S.W.2d 698; Kealy v. Lumbermen's Mutual Insurance Co., 1965, 239 Ark. 766, 394 S.W.2d 629; Trinity Universal Insurance Co. v. Stobaugh, 1965, 239 Ark. 746, 395 S.W.2d 24; Federal Life & Casualty Co. v. Weyer, 1965, 239 Ark. 663, 391 S.W.2d 22; Dixie Auto Insurance Co. v. Goudy, 1964, 238 Ark. 432, 382 S.W.2d 380; Farmers Union Mutual Insurance Co. v. Denniston, 1964, 237 Ark. 768, 376 S.W.2d 252; National Casualty Co. v. Johnson, supra; Farmers Union Mutual Insurance Co. v. Wyman, 1952, 221 Ark. 1, 251 S.W.2d 819; Cook, Commissioner of Revenues v. United States Fidelity & Guaranty Co., 1950, 216 Ark. 743, 227 S.W.2d 135; Home Life Insurance Co. v. Swaim, 1940, 200 Ark. 819, 142 S.W.2d 209; National Life & Accident Insurance Co. v. Merritt, 1940, 200 Ark. 158, 138 S.W.2d 79; New York Life Insurance Co. v. Moose, 1935, 190 Ark. 161, 78 S.W.2d 64; Hope Spoke Co. v. Maryland Casualty Co., 1912, 102 Ark. 1, 143 S.W. 85.

*Court of Appeals Decisions:* General American Life Insurance Co. v. Yarbrough, 8 Cir., 1966, 360 F.2d 562, reversing Yarbrough v. General American Life Insurance Co., W.D.Ark., 1965, 241 F.Supp. 448; Aufderhar v. American Employers Insurance Co., 8 Cir., 1964, 331 F.2d 681; Dixie Furniture Co. v. Central Surety & Insurance Corporation, 8 Cir., 1959, 272 F.2d 190, aff'g Dixie Furniture Co. v. Central Surety & Insurance Corporation, E.D.Ark., 1959, 173 F.Supp. 862; Dortch v. New York Life Insurance Co., supra.

*District Court Decisions:* Providence Washington Ins. Co. v. Yellow Cab Co., W.D.Ark., 1971, 331 F.Supp. 286; Yarbrough v. General American Life Insurance Co., supra; Dixie Furniture Co. v. Central Surety & Insurance Corporation, supra; Hartford Accident & Indemnity Co. v. Loyd, W.D.Ark., 1959, 173 F.Supp. 7; Conley v. Fidelity-Phenix Fire Ins. Co., W.D.Ark., 1952, 102 F.Supp. 474.

The teachings of those cases and of others which might have been cited may be summarized fairly as follows: 1. Policy requirements of notice and proof of loss, including time limits for compliance, are valid and enforceable. However, the courts do not look with favor on forfeitures of policy benefits on account of noncompliance with such requirements and substantial compliance is sufficient. 2. The requirements may be waived. Waiver may be express or may result from conduct of company representatives. Where the insurer is required to furnish claim forms to be used in meeting the policy's proof of loss requirements, a failure or refusal of the insurer to furnish the forms may constitute a waiver of the proof of loss requirement, particularly if accompanied by or manifesting a denial of liability. 3. Where the requirements are not waived, failure of the insured or beneficiary to comply with them substantially will result in a forfeiture of benefits if the requirements amount to conditions precedent to liability, and this without regard to any question of prejudice. 4. If the requirements are not waived, and if they are conditions subsequent, failure of an insured to comply with them substantially does not result in a forfeiture unless the noncompliance resulted in prejudice to the insurer. 5. In determining whether a notice or proof of loss requirement is a condition precedent or a condition subsequent regard should be had to the rule of construction that ambiguous provisions in an insurance policy should be construed most strongly against the insurer.

■ Turning now to the application of those principles to the facts of this case, the Court rejects plaintiff's argument that he substantially complied with the requirements of the policy. The Notice of Claim requirement and the Proof of Loss requirements were separate and distinct. Plaintiff complied vicariously with the Notice of Claim requirement but made no effort to comply with the Proof of Loss requirement.

■ Nor can the Court accept plaintiff's claim of waiver. On the record made here that claim must stand or fall on the proposition that the failure of the Company to supply the claim forms waived the Proof of Loss requirement.

As to that proposition it should first be said that the Company's letter to Mr. Larrison did not amount to a denial of liability and did not manifest any intent to deny liability. The Company simply wanted more information about the death of the insured, and it was entitled to that information. National Casualty Co. v. Johnson and Dortch v. New York Life Insurance Co., both supra.

It may be conceded to plaintiff that the Company was under a duty to furnish the forms in any event, and that it could have looked to the completed forms when returned to it as proof of loss to obtain the more detailed information desired, and the Company would probably have been well advised to have followed that course.

But, the difficulty with plaintiff's waiver contention is that the policy itself spelled out the consequence of the Company's failure to supply the forms. A reading of the "Claim Forms" provision of the policy, and particularly the part of it heretofore quoted, makes it clear that a failure on the part of the Company to supply the forms dispensed with nothing but the requirement that Company forms be used. The furnishing of written proof of loss was still required. It is evident, therefore, that the Company did not intend for its failure to constitute a waiver of the Proof of Loss requirement, and the Court does not find any manifestation of such intent in the Company's letter of June 30, 1970.

■ The conclusions above stated to the effect that plaintiff did not comply substantially with the Proof of Loss requirement and that compliance with that requirement was not waived by the Company make it necessary for the Court to determine whether the requirement in question was a condition precedent or whether it was a condition subsequent. In the former case plaintiff will not be entitled to recover; in the latter case he will be entitled to prevail because there is nothing in the record to suggest that the Company sustained any prejudice on account of plaintiff's failure to file a timely proof of loss; that is to say, it appears to the Court from the record as a whole that defendant was in as good a position to sustain its claim of suicide when the suit was filed in 1971 or even when it was tried in October of this year as it would have been had it received a proof of loss within 90 days after the death of the insured on June 7, 1970.

■ A policy requirement or provision may be made a condition precedent by express policy wording or its quality as a condition precedent may arise by necessary implication. The policy provision with which the Court is immediately concerned and other policy provisions which have been mentioned are not referred to as conditions precedent or even as "conditions." And in view of the overall wording of the policy and the nature of the requirement considered in connection with the type of losses covered by the policy the Court is convinced that it should not by implication characterize the Proof of Loss provision of the policy as a condition precedent.

As to the language of the policy, it appears to the Court that it is much more liberal than that which appears in some life and accident policies. The insuring agreement does not say that the

Company will pay "upon receipt of timely proof of loss" or so many days "after receipt of proof of loss," terms that appear frequently in such policies. More than that the "Legal Actions" provision of the policy is much more liberal than many conventional "No Action" clauses which often provide that no action shall be brought on the policy unless and until there has been compliance with all of the terms and conditions of the policy. It is true that the insuring agreement states that the Company's obligation to pay is "subject to" the provisions, definitions, and exceptions set out in the policy. However, an obligation to pay may be as "subject to" a condition subsequent as "subject to" a condition precedent.

The need of a life insurance company for a detailed proof of loss to be filed within a reasonably short period of time after an accidental death or injury is quite different from the need of a fire insurance company, for example, for such a proof of loss following a fire which destroys a house and the various items of personal property therein. Where personal property is involved, the liability of a fire insurance company is an unliquidated one until the specific items of property destroyed are identified and valued; moreover, until those things are done, the insurer is exposed to fraudulent exaggerations of loss.

That situation does not obtain in a case like this one where liability under the policy, if it exists at all, is liquidated and measured by the fact of death or the specific nature of the injury received. Thus, the proof of loss requirement would appear to be of substantially less importance to the insurer than would be a similar requirement in a policy of another type, and the insurer would be less likely to insist on compliance with the requirement as a condition precedent to liability.

In the Court's view under the policy in suit plaintiff's right to the proceeds of the policy became vested upon the death of the insured, and the require-

ments that plaintiff take certain steps after the death of the insured were merely conditions subsequent.

In coming to this conclusion the Court is not unmindful of the language of the Court of Appeals in General American Life Insurance Co. v. Yarbrough, supra, 360 F.2d at 566, to the effect that prior to the 1935 decision of the Supreme Court of Arkansas in New York Life Insurance Co. v. Moose, supra, the tendency of the latter court was to construe proof of loss requirements in death or disability policies as conditions subsequent, but that since the decision in *Moose* the tendency has been to construe such requirements as conditions precedent. This Court has considered the opinion of the majority of the Arkansas Supreme Court in the Moose case and has also considered later Arkansas cases following the Moose decision. This Court does not think that the Moose and post-Moose decisions establish that in a life, accident, or disability policy a proof of loss requirement will automatically be characterized as a condition precedent without regard to policy language or to the nature of the insurance loss.

Further, *Moose* was decided nearly forty years ago and by a sharply divided Court. Then Chief Justice Cecil E. Johnson wrote a strong dissenting opinion expressing the view that in policies of this kind the rights of insureds and beneficiaries vest automatically upon the happening of death, accident, or disability, and that notice and proof of loss requirements are merely conditions subsequent which are immaterial unless prejudice results from a failure to comply with them.

The Arkansas Supreme Court is a good deal more liberal today than it has been in years past, and it is certainly not beyond the realm of possibility that were the question presented for decision today, the Court would adopt Judge Johnson's view.

In any event this Court finds that the Proof of Loss requirement of the partic-

ular policy before it amounted to a condition subsequent, and that judgment should be entered in favor of the plaintiff.

■ The plaintiff is entitled to the principal sum of $50,000, plus the Arkansas statutory penalty of 12 percent which amounts to $6,000, and to a reasonable attorney's fee. Ark.Stats., Ann., section 66–3238. The Court thinks that a fee of $5,000 would be a reasonable one to assess against the company and will make the assessment. That does not mean, of course, that plaintiff's attorneys are not free to charge a larger fee, or that plaintiff is not free to pay them a larger fee.

■ There remains for consideration the question of the date from which interest on the principal amount of the award to plaintiff should begin to run. The general rule in Arkansas is that interest begins to run on an insurance award from the date upon which the company should have paid the loss. American National Insurance Co. v. Westerfield, 1934, 189 Ark. 476, 73 S. W.2d 155. The defendant does not quarrel with that proposition.

Here, the policy stipulated that payment would be made immediately upon receipt of a satisfactory proof of loss. As has been seen, no proof of loss was ever submitted. While plaintiff's failure to comply with the proof of loss requirement does not deprive him of his right to recover on the policy, the Court does not think that plaintiff should be allowed interest from a date at which it would have begun to accrue had plaintiff complied with the policy. Nor does the Court think that interest should be measured from the date of the filing of the suit which raised substantial issues and which was defended in good faith. The Court will allow interest at the rate of 6 percent from date of judgment.[1]

---

1. The Court has already held that the failure of the plaintiff to submit a proof of loss did not prejudice defendant on the suicide issue, and the Court's refusal to allow interest prior to judgment takes care of any contention that the failure to file a proof of loss prejudiced defendant in the sense of subjecting it to an interest obligation which would not have accrued had timely proof of loss been filed.