## THE STANDARD OF AMERICA LIFE
## INSURANCE COMPANY *v.*
## Mrs. Vanelane HUMPHREYS

74-250                                          519 S.W. 2d 64

Opinion delivered February 17, 1975

*Bridges, Young, Matthews & Davis,* for appellant.

*Gibson & Gibson, P.A.,* for appellee.

LYLE BROWN, Justice. The trial court awarded $7,000 to appellee for the death of her husband. The award was based on group insurance coverage issued by appellant. The sole issue was whether the insurance covered death suffered while the deceased, James C. Humphreys, was on the job. The appellant contends that only non-occupational death was covered.

The Holland Company, employer, made application to appellant for group coverage on its employees. Policy GC-1788 was issued on the basis of Holland's application for non-occupational death and dismemberment. The maximum

coverage was $7,000. Appellant explains that no coverage was provided for occupational death since that loss was covered by workmen's compensation insurance and the non-occupational benefit carried a much lower rate. Mr. Humphreys was killed in an on-the-job accident when a hydraulic drill press exploded. The appellee, widow, filed claim under the policy for $7,000 and the company denied liability because death resulted from Mr. Humphreys' employment.

Among other insurance requested, Holland's application contained this recital:

"(5) COVERAGE DESIRED:

XX Accidental Death & Dismemberment Benefits"

Holland then executed Schedule of Benefits (A), Accidental Death and Dismemberment Benefits. That application had this recitation: "AD&D Benefits for Insured shall be XX Non-Occupational"

Finally, the application states: "It is understood that this application and each of the applicable Schedules indicated in (5) above shall be attached to and become a part of the Policy or Policies issued by the Company."

The application was attached to the master policy. The policy provides:

"LIMITATIONS. The Insurance with respect to Accidental Death and Dismemberment Benefits does not cover loss caused or contributed to by:

(E) any act or thing pertaining to any occupation or employment for wage or profit if only non-occupational coverage is to be provided as specified in the Schedule of Benefits for Accidental Death and Dismemberment Benefits."

The certificate of insurance issued by appellant and

possessed by James C. Humphreys at the time of his death was dated March 1, 1972 and the schedule of benefits included "Accidental Death and Dismemberment $7,000". The certificate recites that the schedule of benefits was "subject to the provisions and limitations of the master policy" issued to Holland Company. Then it provided that "This individual Certificate is furnished in accordance with and subject to the terms of said group policies and is merely evidence of insurance provided under said group policies . . . ." The schedule of benefits contained on the certificate has this wording:

"LIMITATIONS. The Insurance with respect to Accidental Death and Dismemberment Benefits does not cover loss caused or contributed to by:

(E) any act or thing pertaining to any occupation or employment for wage or profit if only non-occupational coverage is to be provided as specified in the Schedule of Benefits."

Based on the great weight of authority the appellee cannot prevail in this case.

It is generally held that an employee's contract of insurance under the group plan consists of the policy issued by the insurer to the employer, the individual certificate delivered by the employer to the employee being no part of such contract, but only an instrument reciting the employee's right to protection under the terms of the group policy so long as there is a compliance with the conditions of the policy. 44 Am. Jur. 2d, Insurance § 1870.

\* \* \*

The insured may have actual knowledge of the contents of the master policy, but in any case he will be deemed to have constructive knowledge of its provisions either on the theory that the employer is his agent, and that knowledge of the employer of the terms of the master policy is to be imputed to the employee, or because the

certificate which the employee receives expressly states that it is subject to the terms of the master policy, which are incorporated into the certificate by reference. Couch on Insurance, Group Insurance § 82:13.

We have held that the employer is the employee's agent in connection with a group insurance policy. *Metropolitan Life Insurance Company* v. *Thompson,* 203 Ark. 1103, 160 S.W. 2d 852 (1942).

Appleman agrees with the text authorities we have cited:

In construing the rights of any insured, the court will look first to the terms of the master policy. The rights and obligations of all parties are measured by the terms of the master policy, it being considered that an employee accepting the group insurance contract made between the employer and insurer is bound by the terms thereof. * * * * Some courts have held that if there is a conflict between the terms of the certificate and the master policy that the certificate will control, although the majority of courts have, partly upon the basis of the contractual expressions, reached a contrary conclusion. 13 Appleman Ins. L. & P., § 7528.

The certificate in the case at bar does not contain, as does the master policy, the statement that the insurance covers only non-occupational hazards; however, as we have pointed out, the certificate issued to the employee recites that the certificate is subject to the terms and limitations of the master policy; recites that the certificate is mere evidence of insurance provided by the master policy; and refers to the master policy's provision for non-occupational coverage. Therefore, those expressions in the certificate were sufficient to make the certificate subject to the terms and conditions of the master policy. On the question of conflict between the master policy and the certificate see *General American Life Insurance Co.* v. *Yarbrough,* 360 F. 2d 562 (1966). *Yarbrough* is an Arkansas case and the decision was based on the circuit court's interpretation of Arkansas law.

Reversed and dismissed.

622

HARRIS, C.J., not participating

HOLT, J., not participating